Paxson vs. Bailey and Park.

---

No. 101.—James A. Paxson, plaintiff in error, vs. A. P. Bai- ley and Thos. J. Park, defendants.

[1.] A vendee entering into the possession of land under a bond for titles,. does not hold adversely against the vendor until the purchase money is paid. In such case, the possession of the vendee is not only consistent with the title of the vendor, but the very bond which the occupier relies on as color of title, recognizes paramount title in the vendor.

[2.] Adverse possession is usually a mixed question of law and fact—wheth- er the facts exist which constitute adverse possession, is for the Jury to judge. Whether, assuming the facts proven to be true, they constitute ad- verse possession, is for the Court to decide.

Ejectment, in Gordon Superior Court. Decision by Judge Trippe, March Term, 1855.

This was ejectment, brought by Paxson against Bailey, to which Park was made co-defendant.

The plaintiff produced a bond for titles to the land in dispute, dated in 1837, to the plaintiff, Paxson, together with W. J. Howell and J. Day, conditioned to make titles thereto, when the purchase money should be paid. Paxson was shown to have held possession by his tenants from 1837 to 1848, but there was no proof of payment of the purchase money.

When the plaintiff had closed his case, the Court, on motion, entered a non-suit, on the ground that a bond for titles, without payment of the purchase money, was not color of title for the obligee, against the obligor, and that possession in such a case is not adverse.

This decision is excepted to, on the ground that the Court has no right to order a non-suit; that whether the possession was adverse or not, is to be judged of by the Jury; and that the non-suit was improperly awarded.

Wright & Swift; Milner, for plaintiff in error.

Dabney; Walker, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] We see nothing in the facts of this case to take it out of the rule laid down by this Court in *Stamper et al. vs. Griffin,* (12 *Ga. Rep.* 450) namely : that a vendee entering into the possession of land, under a bond for titles, to be executed at a time stipulated, does not hold adversely against the vendor, until the purchase money is paid. In such case, the possession of the vendee is not only consistent with the title of the vendor, but the very bond which was produced on the trial by the occupier, distinctly acknowledges the vendor's title.

[2.] Adverse possession is a mixed question of law and fact, to be left to the Jury, under the instruction of the Court.

Whether a given state of facts exist which constitute adverse possession, the Jury are to judge. But assuming all the facts proven to be true, whether they amount to adverse possession, is unquestionably a matter of law for the Court to decide. And it has done no more in the present case.