MARY A. DAY, plaintiff in error, *vs.* PETER SOLOMON, executor, defendant in error.

1. The widow is entitled to dower out of all lands of which her husband was seized and possessed at the time of his death.
2. When the deceased entered into a contract for the sale of the land in his lifetime, and gave bond for titles, and the purchase-money was due and unpaid at the time of his death, and part of it is still due, the legal title remained in the vendor, and the purchaser held the land in subordination to the right of the vendor, who was, in contemplation of law, seized and possessed of the land at his death, and his widow was entitled to her dower out of it.
3. If the obligee in a bond for titles to land fail to pay the purchase money within the time specifiéd by the agreement between the parties, the legal title remains in the obligor, upon which he may maintain ejectment without demand of possession or notice to quit.

Dower. Before Judge COLE. Bibb Superior Court. May Adjourned Term, 1869.

The petition of Mary Day, widow of Joseph Day, was as follows: In 1867 her husband died testate. His will was admitted to probate, and Solomon was qualified as his executor. By said will he supposed that he had amply provided for her support, etc., but the estate lost $40,000 00 since the war, and is not sufficient for her support and maintenance. He died seized and possessed of the following lands: a house and lot in Vineville, in said county, worth $4,000 00 or $5,000 00, another in Americus, Georgia, worth $2,000 00

or $3,000 00, a plantation in Macon county, containing twenty-four hundred acres, and another containing seven hundred acres. Before his death her husband sold the larger plantation, worth $40,000 00, to one Massey, on credit, and gave him a bond for titles. Massey had not paid the purchase-money when her husband died, though it was all due before that, and most of said purchase money is yet unpaid. Of the amount paid, the executor has a large portion, and she has had none of it. The smaller plantation, worth $7,000 00, her husband sold to one Hamilton on credit, giving a bond for title, all of the purchase-money of this one is due and unpaid.

She has now relinquished her right of dower; no dower has been assigned to her, nor has any allowance been made her in lieu of dower. She wishes money in lieu of dower, and the executor assents to this, provided she is entitled to dower under these circumstances. She prayed for an assignment of money in lieu of dower. The executor demurred to this application, and the demurrer was sustained as to said plantations. That is assigned as error.

WHITTLE & GUSTIN, for plaintiff in error.

S. HUNTER, by R. F. LYON, for defendant in error.

BROWN, C. J.

Was the widow entitled to dower out of the land which the husband had agreed to sell during his lifetime? The record shows that the deceased had executed and delivered a bond for titles to the plantation in Macon county to N. W. Massey. The price agreed on was $40,000 00. No part of the purchase-money had been paid when Mr. Day died. Part of it has been paid since, and part remains unpaid.

The widow is entitled to dower out of all the lands of which the husband was seized and possessed at the time of his death: Revised Code, section 1753. Seisin is the possession of an estate of freehold. Seisin was used in contradistinction to that precarious kind of possession by which

tenants in villenage held their lands, which was considered
to be the possession of their lords in whom the freehold con-
tinued:   2 Bouv. L. Dic., 503.   In the United States a con-
veyance by deed, executed and acknowledged, and properly
recorded according to law, and the descent cast upon the
heir, is, in general, considered as a seisin in deed without
entry; and a grant by letters patent from the commonwealth
has the same effect:   4 Mass. R., 546; 7 Mass. R., 494; 15
Mass. R., 214; 1 Munf. R., 170.   The recording of a deed
is equivalent to livery of seisin:   1 Mass. R., 546.   A seisin
in law of the husband will be as effectual as a seisin in deed,
to render the wife dowable:   2 Black. Com., 131.   The law
deems every person to be in legal seisin and possession of the
land to which he has perfect and complete title, and this seisin
and possession is co-extensive with his right, and continues
till he is ousted thereof by an actual possession by another
*under a claim of right.*   This may be considered a settled
principle of the common law, and has been recognized and
adopted by the Supreme Court of the United States.   20
*Ga.*, 324.

   It follows, therefore, that the widow is dowable of all the
lands to which the husband had a complete and perfect title
at the time of his death, whether he was in the actual posses-
sion, or some one else, holding in subordination to his title, ac-
tually occupied the premises at the time of his death.   In
conformity to this rule it was held by this Court in 10
*Georgia*, 321, that the widow is entitled to dower in the wild
and uncultivated lands of which her husband was seized at
the time of his death.   Was Mr. Day seized and possessed of
the plantation in Macon county in the sense in which these
terms are used by the statute, at the time of his death?   We
have already seen that the owner, who has a perfect and com-
plete title to the land, which is held in subordination to his
title, is seized and possessed of it.   It is not denied that Mr.
Day had the legal title to the land when he made the agree-
ment to sell to Massey.   Did that sale divest his legal title?
Clearly not.   Day had given bond for titles when the pur-
chase-money was paid, and at the time of his death the pur-

Day *vs*. Solomon.

chase-money was all due and unpaid, and no deed had been executed to Massey.    In this state of the case the perfect legal title remained in Day, and Massey held the land in subordination to Day's legal title.    The same rule applies to the smaller plantation.

A vendee entering into possession of land, under a bond for titles, does not hold adversely against the vendor until the purchase-money is paid.    In such case the possession of the vendee is not only consistent with the title of the vendor, but the very bond which the occupier relies on as color of title recognizes paramount title in the vendor.    17 *Ga.*, 600.

Again, this Court held at the last term in the case of *McHan vs. Stansell*, 39th Georgia Reports, 197, that:   If the obligee, in a bond for titles to land, fail to pay the purchase-money according to the agreement, no demand or notice to quit is necessary to give the obligor a right of entry or action.    And why not?    Simply because the obligor has a perfect legal title to the land.    If so, it follows that the widow, in case of his death, has a right to dower out of it.

It is insisted in the argument that the obligee, by paying up the purchase-money after it is due, has a right to require the obligor to make him a title.    If so, this right can not defeat the widow's right to her dower.    No lien created by the husband in his lifetime, though assented to by the wife, shall, in any manner, interfere with her right of dower: Revised Code, section 1759.    The husband cannot, by a mortgage, for instance, in his lifetime interfere with the right of his widow to dower.    And he can no more bar it by a contract to sell the land which has not been consummated by passing the legal title out of himself into the vendee.

If the obligee in this bond should pay up the balance of the purchase-money, and demand a title from the executor, within such time, and under such circumstances as to entitle him to relief, he must either take the land subject to the widow's dower, and look to the estate of her husband for the damage which he may sustain by that encumbrance, or he must refuse to take the land so encumbered, and proceed against the estate for full damages, in which case the land

would still be the property of the estate subject to the widow's dower.

This is a proceeding to recover money in lieu of dower under our statute, which can only be done with the consent of the executor and the approval of the Ordinary. Revised Code, sec. 1761.

Judgment reversed.