### THE GEORGIA AND FLORIDA INLAND STEAMBOAT COMPANY *vs*. MERCIER.

Although the preponderance of the evidence may appear to be against the verdict, yet where there is enough to support the finding, and the presiding judge refuses to grant a new trial on the ground that the verdict is contrary to law and evidence, this court will not interfere to control his discretion.

March 30, 1886.

New Trial. Evidence. Verdict. Before Judge HARDEN. City Court of Savannah. July Term, 1885.

Reported in the decision.

J. J. ABRAMS, for plaintiff in error.

LESTER & RAVENEL, for defendant.

HALL, Justice.

The jury found for the plaintiff in this suit a verdict for the sum of $1,193.71. This result was reached by deducting from the amount sued for—$1,251.65—the sum of $59.94, which the plaintiff admitted should be credited on the account, and by allowing him wages and board for two and a half months, from October 1st to December 15th, aggregating $485.00, which it is now insisted was not due, as his employment by the defendant ceased on the 30th day of September. This is the only error in the judgment overruling its motion for a new trial of which the defendant company complains. This error is not specifically assigned, but it is contended that it may be corrected under

the grounds of the motion which allege that the verdict is contrary to evidence and without evidence to support it. It is thus seen that an issue of fact alone is presented; and if there is any evidence to sustain the verdict, and the judge trying the case has refused to disturb it, this court will not be authorized to interpose unless he has abused his discretion. From what appears in this record, we think it highly probable that the sum found is in excess to the amount claimed. In a letter written by the plaintiff to the agent of defendant, dated 30th of September, 1884, and given in evidence by the defendant, he says he forwards his account with the steamer, Florida, for the month of September, showing a balance in his favor of $801.72, and stating, "as my engagement with your company ends with this month, I would beg that you let me have the balance due me." No other items appear on the account rendered for the months of October and November, and the half of the succeeding month of December, in which the plaintiff insists he remained in the service of the company, than charges for his wages and board; nor is it shown that he did any work for the company during those two and a half months; but he swore to the correctness of the account sued on, including these items, and that he was guaranteed permanent employment, including the summer months, when the boat of which he had the management was laid up, and although the company, after the expiration of summer, might have dispensed with his services, that it did not do so. Its witnesses denied this account of the matter, and the issue thus formed by this conflict of evidence was fairly submitted to the jury, under proper instructions from the court; and while we would have been better satisfied had the amount of this verdict been diminished by the sum total charged after the 30th day of September, yet under the repeated rulings of the court, we do not feel authorized to give this direction to the case, and must, most reluctantly and in deference to the rules established by these decisions, order the

Judgment affirmed.