### Wadsworth, administrator, v. Wadsworth.

Holden, J. Under order of the court of ordinary, an administrator advertised for sale certain land of which he was in possession, as the property of his intestate, to which the widow of the intestate filed a claim. Upon the trial the plaintiff was allowed to file an equitable plea alleging, among other things, that his intestate was in possession of the property under a contract of purchase from a named vendor, with all of the purchase-money paid except $40, at the time the claimant obtained a deed to the land from such vendor, and that the claimant "had actual notice of these facts" when the deed was made to her; and praying that the court direct the sale of the land, and that out of the proceeds thereof the $40, with legal interest, be paid to the claimant and the remainder be distributed among the heirs at law of the intestate. The jury rendered a verdict in favor of the claimant, and the plaintiff excepted to an order of the court refusing his motion for a new trial. *Held*:

1. There being evidence from which the jury would be authorized to conclude that the allegations above set forth, embraced in the equitable pleading of the plaintiff, were true, and that the claimant paid to the vendor the balance of the purchase-money of the land due him by the intestate in pursuance of an agreement between her and the intestate that she would take a deed from the vendor to the land and hold title thereto to secure such amount, the court committed error in failing to charge the jury that if they believed this theory of the case to be true, they should find a verdict, in accordance with the prayer above set forth, that the land be sold "and that out of the proceeds thereof the $40, with legal interest, be paid to the claimant."

(a) The charge, "Take the case, and if you find that the deed was delivered, and that it embraces this land, she would have a title, and the issue should be found in favor of the claimant," excluded the theory of the case above referred to, upon which the jury was authorized to make a finding; and for this, if for no other reason, it was error.

2. An assignment of error complaining that the court committed error in allowing a witness to deliver certain evidence upon the trial of the case, on the ground "that the witness was incompetent to testify to such facts," can not be considered, as it does not appear that such objection to the competency of the witness was made on any specified ground.

(a) An assignment of error that the court committed error in allowing the opposite party to read to the jury answers to certain questions contained in interrogatories, on the ground that they were leading, can not be considered when neither the questions referred to, nor the substance thereof, are made to appear in the assignment of error.

3. One assignment of error is that the court erred in excluding the following testimony of a witness: "In a conversation with the claimant [R. M. Wadsworth] she told me that she wished he, meaning the administrator, Lee Wadsworth, had let it stay like the will was. I [witness] asked her what the will said. She said the will said that at the death of Wadsworth the land was to go to her for life, then to Jack Patterson's wife, but the mule was to go to the children." As the alleged statements of the claimant testified to were susceptible of a meaning that tended

to show that she preferred a life-estate in the land to the interest she obtained by virtue of the deed, the testimony was admissible to illustrate the question as to whether or not she held title to the land only to secure a debt.

4. Under the evidence and the pleadings, no error requiring a new trial appears from the other grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur.*

JULY 14, 1910.

Claim. Before Judge Reagan. Pike superior court. June 21, 1909.

*E. C. Armistead,* for plaintiff.　*E. F. Dupree,* for defendant.