30517.   ALLEN *v.* ALLEN.

DECIDED JUNE 7, 1944.

*R. B. Pullen, Noah J. Stone,* for plaintiff.

*Augustus M. Roan, Houston White,* for defendant.

SUTTON, P. J. E. W. Allen filed a petition against his wife, Mary E. Allen, in the court of ordinary of Fulton County, alleging that she was a person of unsound mind, and praying that a commission issue to investigate her mental condition. Service was duly perfected on four of the nearest relatives of Mrs. Allen, and the commission ordered to issue. The commission issued, being directed to two physicians and an acting county attorney, who, after being duly sworn, examined Mrs. Allen, and filed their return that she was not a person of unsound mind, and that a guardian should not be appointed to take charge of her person and property. Their return was made the judgment of the court of ordinary.

The applicant filed an appeal to the superior court, where he amended his petition, and set out that Mary E. Allen was a person of unsound mind, insane, and an imbecile from old age; that she was incapable of managing her estate, and an imbecile from illness, and suffering from a mental deterioration resulting from repeated attacks of influenza, and prayed that a guardian be appointed for her person and property.

Neither Mrs. Allen nor her relatives filed any written response to the petition as amended, but evidence was introduced by both sides. The jury returned a verdict finding: " (1) That Mrs. Allen is not insane, and a guardian should not be appointed for her person and or property. (2) That Mrs. Allen is not imbecile, and is capable of managing her estate, and a guardian should not be appointed for her person and or property." The applicant filed a motion for a new trial, which he amended, and the exception here is to the judgment overruling the motion for a new trial.

■ The court did not err in overruling the general grounds of the motion. There was ample evidence to support the finding of the jury. Mrs. Allen testified in her own behalf, and was subjected to cross-examination by counsel for the applicant, and the jury could consider her appearance and manner of testifying as well as the facts to which she testified in determining the issues of the case. There was evidence from several of her friends and acquaintances that they had known her for varying lengths of time, and that she was neither insane nor imbecile. Dr. Jeff L. Richardson testified in part: "I have attended her since March 4, 1942. She is not insane. . . She is sane. . . She is not imbecile from any cause whatever." P. N. Turner testified in part: "I have had conversations with Mrs. Allen quite often. She talked like any ordinary person. She was not irrational. . . I would say she is not insane nor imbecile from old age. . . She is not insane nor of unsound mind. . . She is able to take care of money." The evidence in the case was voluminous, the brief of the evidence containing over 200 pages of testimony, part of which is conflicting on material issues in the case. It is well-settled law, however, that all conflicts in the evidence are for determination by the jury. In the present case, the finding of the jury is supported by evidence, and has the approval of the trial judge. It follows, therefore, that the court did not err in overruling the general grounds of the motion for a new trial.

■ In ground 4 of the motion, error is assigned on the charge of the court that Mrs. Mary E. Allen, the person for whom the guardianship was sought, was not required to file an answer to the contentions made by the applicant in the petition for the lunacy commission as amended. The plaintiff in error contends that her failure to answer the allegations of the petition as amended, was an admission by her that the allegations were true. There is no merit in this contention. The proceedings in the present case were purely statutory, and it was necessary that they be strictly complied with. *Templeman* v. *Jeffries*, 172 *Ga*. 895 (159 S. E. 248). The proceedings were not in the nature of an ordinary lawsuit, for no reference is made therein for service upon the person for whom the guardianship is sought, nor for any traverse by her of the allegations of the petition. While the law requires that a written application be filed by the applicant, and that service thereof be made

upon the three nearest relatives of the person against whom the petition is filed, there is no requirement in the statute, nor provision made therein for the person for whom the guardianship is sought to file an answer to said proceedings. While the proceeding in the superior court was a de novo investigation (Code, § 6-501), the pleadings and method of procedure in that court on the hearing were as prescribed by the Code, §§ 49-601 et seq., and nothing in the statute requires the person against whom the proceeding is filed to answer in writing the allegations of the petition. The statute not requiring a written answer, it follows that a failure to file a written answer is not an admission of the allegations of the petition. The other assignments of error contained in ground 4 are without merit, and the court did not err in overruling this ground of the motion.

■ In ground 5, the plaintiff in error contends that the court erred in charging the jury, "Opinions of experts to be of any value, must be based upon facts to which they testify, and which you believe to be true, or based upon facts which have been proved and which you find to be true in the case," upon the grounds that it was not a correct statement of the law and had the effect of the court expressing an opinion on the evidence, and tended to discredit the testimony of the expert witnesses in the case. There is no merit in this ground of the motion. The Code, § 38-1710, provides: "The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." In the case of *Metropolitan Life Ins. Co.* v. *Saul,* 189 *Ga.* 1, 7 (5 S. E. 2d, 214), the Supreme Court quotes approvingly a charge containing the following language: "The opinion testimony of an expert can be based upon hypothetical questions, or based upon observations of the expert. However, you should not consider any opinion at all unless the facts upon which it is based are found by you to be true and correct." And it was held by this court in the case of *Hulme* v. *Mutual Benefit &c. Association,* 64 *Ga. App.* 466, 473 (13 S. E. 2d, 689), that the opinion of an expert, when not based on facts within the knowledge of such expert, was a mere surmise on the part of the expert, and was insufficient for a verdict to be predicated thereon. The court did not err in overruling ground 5 of the motion.

■ In ground 6, the plaintiff in error contends that the court erred in charging the jury, "Opinion evidence may be accepted by the jury and considered, along with all the other evidence in the case, in making up your verdict. However, you are not bound by the opinions of experts or non-experts until you have determined that you will be so bound," upon the grounds that the charge was not sound as a principle of law, and had the effect of instructing the jury they could disregard the evidence of any expert or non-expert witness. In *Metropolitan Life Insurance Co. v. Saul,* supra, the Supreme Court quoted with approval a charge containing the following language: "Even though you are allowed to receive the testimony of experts, you are not bound by such testimony. The law allows you to receive and consider it, along with all the other evidence in the case, in making your verdict. Opinion evidence is not conclusive or controlling, whether it be expert or non-expert. It is submitted to you for whatever you think it to be worth." No harmful error is shown by this ground of the motion.

■ Grounds 7, 8, and 9 of the motion assign error on allowing the members of the lunacy commission in the ordinary's court to testify on the trial of the case on appeal. The objection made to such testimony was that the witnesses were not competent to testify to any fact or thing that came to their knowledge during the trial in the ordinary's court. These witnesses merely gave as their opinions, based on their examination of Mrs. Allen, that she was neither insane nor imbecile. The witnesses were not incompetent for any reason assigned, and the court did not err in allowing their testimony over the objection made.

■ The issues of the case were fully and fairly presented to the jury for its determination and the verdict is supported by evidence, no error of law appears, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*