31960. AGRICULTURAL INSURANCE CO. *v.* CRANE.

Decided March 19, 1948.

*Smith, Partridge, Field, Doremus & Ringel,* for plaintiff in error.

*George Durden, G. Eugene Ivey, Arnold Shulman,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Reference to excerpts from the policy of insurance, as quoted in the special assignment of error, discloses that the insured was required to

make certain reports to the company on or before the 15th day of each month as to the actual cash value of all automobiles on hand at the close of business on the last business day of the preceding month; also that the policy provided that "payment for loss may not be required nor shall action lie against the company, unless as a condition precedent thereto the insured shall have fully complied with all the terms of the policy."

The sole issue in this case is whether or not there is sufficient evidence to authorize a finding that the reports required by the policy were made by the plaintiff and delivered into the possession of the defendant's agent, Mr. E. T. Hudson, at Ellijay, within the time required by the terms of the policy. If the evidence authorizes this finding, the general grounds of the motion for new trial are without merit because there is evidence to support the verdict; and the charge of the court, complained of in the amended motion for new trial, is without error because the questions of law submitted by the court therein are proper and pertinent questions authorized by the evidence. On the other hand, if a finding is demanded by the evidence to the effect that the notices were not given as required by the terms of the policy, then and in that event the evidence fails to support the verdict, and the charge of the court complained of in the special ground of the amended motion is erroneous as being unauthorized by the evidence. The sufficiency of the reports is not questioned. In fact no point is made except as to the making and filing of reports by the plaintiff with the defendant or some authorized agent of it in accordance with the terms of the policy.

Reference to the brief of evidence discloses, in addition to the evidence already quoted from the amended motion for new trial, the following testimony of the plaintiff: "From the first of this year up until now, I reported the acquisition of new automobiles to the insurance company according to instructions, and reported at the end of each month the amount of cars in dollars and cents that was on hand. Part of the time I made out the report and part of the time my bookkeeper made it out. Part of the time I would deliver them to Mr. Hudson and part of the time my bookkeeper would. I couldn't say how often he has been by for the reports; he has been two or three times, he would come in and pick up the report. He would be down there and tell me

694

my report was due, and I would get the reports made out and give them to him."

Although the testimony of Mr. Hudson is positive and unequivocal to the effect that these reports were not received until sometime after the theft of the automobile, which occurred on March 28, that all of them were received in May except two and they were received in June, and that he thereupon mailed them to Hurt and Quin Inc. (general agents for the defendant) in Atlanta, and although the testimony of Mr. Tharpe is positive and unequivocal to the effect that as an employee of Hurt and Quin the reports in question were received from their agent in Ellijay, E. T. Hudson, on the dates shown by the reports themselves (six of which were received on May 23, 1947, and the last two June 16, 1947)—yet the question as to when the plaintiff made out these reports and filed them with Mr. Hudson was one of fact for the determination of the jury. The jury found the reports to have been filed by the plaintiff with Mr. Hudson monthly as required by the policy. The testimony of the plaintiff as herein quoted authorized this finding.

The jury is the final arbiter of fact. After the verdict the view of the evidence which is most favorable to upholding it must be taken, and where supported by evidence and approved by the trial judge, the same will not be set aside by this court. See *Bell Bros.* v. *Aiken,* 1 *Ga. App.* 36 (2) (57 S. E. 1001) ; *Allen* v. *Allen,* 71 *Ga. App.* 274 (1) (30 S. E. 2d, 665) ; *Scribner's Sons* v. *Mutual Bldg. Co.,* 1 *Ga. App.* 527 (1) (58 S. E. 240) ; *Miller* v. *Central of Ga. Ry. Co.,* 16 *Ga. App.* 855 (87 S. E. 303).

The judgment of the trial court overruling the motion for new trial is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*