THOMPSON *et al. v.* FOUTS.

JENKINS, Chief Justice. 1. "Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right. Permissive possession cannot be the foundation of a prescription, until an adverse claim and actual notice to the other party." Code, § 85-402.

2. "Adverse possession is usually a mixed question of law and fact—whether the facts exist which constitute adverse possession, is for the jury to judge. Whether, assuming the facts proven to be true, they constitute adverse possession, is for the court to decide." *Paxson* v. *Bailey & Park,* 17 *Ga.* 600.

3. "Where there is some evidence on both sides, even though the verdict be against the strong preponderance of the testimony, unless that preponderance be so great as to be suggestive of improper bias or gross misapprehension, and that to an extent which shocks the understanding and moral sense, a reviewing court will not disturb that verdict." *Powell* v. *Bigley,* 14 *Ga.* 41; *Porter* v. *Kolb,* 46 *Ga.* 266; *Stevens* v. *Middlebrooks,* 77 *Ga.* 81.

4. The exception in the instant case, involving title to an entire 40-acre land lot, is to the overruling of a motion for new trial based only on the general grounds. The jury returned a verdict for the plaintiff who relied upon an unbroken chain of title back to the State grant, against the defendant who sought to establish prescriptive title by reason of having cultivated a portion of the lot and having had the remainder under fence from 1902 until 1917, after which the entire lot was claimed to have been under fence. A question of fact was presented by the evidence, hereinafter set forth in the statement of facts, as to whether or not any of the land testified to by the defendant and his witnesses as having been under cultivation prior to 1917 was in fact a part of the disputed lot; and since there was no evidence by way of plat or diagram which would indicate the actual boundaries of the lot, the testimony of various witnesses with respect to different parcels of land having been under cultivation by the defendant was too vague, indefinite, and un-

523

certain to demand a finding that the land testified to was a part of the 40-acre lot here involved; nor does the testimony show what portion of the lot was under fence prior to 1917. Furthermore, an additional question of fact was presented as to whether or not the defendant actually held such land adversely, according to the definition, for the prescribed 20 years subsequently to 1917, since there was testimony that one of the plaintiff's predecessors in title had taken possession of the disputed lot in 1925 and exercised ownership thereof by tearing down the fence testified to, and by cutting timber thereon; and in view of other testimony, even though disputed, that such fence was later restored and extended to include the disputed lot *by permission* of another of the plaintiff's predecessors in title in 1933. Accordingly, under the rulings set forth in the preceding division of this syllabus the determination by the jury of the questions of fact thus presented by the evidence will not be disturbed.

*Judgment affirmed. All the Justices concur, except Candler, J., disqualified.*

No. 16179. APRIL 13, 1948.

*G. Fred Kelley* and *E. C. Brannon,* for plaintiffs in error.
*Joe K. Telford,* contra.