## Darden v. The State.

Hawkins, Justice. Arthur Darden was convicted of murder, without recommendation, in Grady Superior Court. His motion for a new trial, as amended, consisting of the general grounds and two special grounds, was overruled, and to this judgment he excepts. *Held*:

1. The first ground of the amendment to the motion for a new trial assigns error because the trial court illegally admitted in evidence "All of the photographs mentioned in the transcript of and brief of the evidence in said case, and which were identified by the court reporter at the time they were introduced into the evidence by Mr. O'Neal, Solicitor General," over the objection "that they were irrelevant, immaterial, · and that they could only tend to prejudice and mislead the jury." The photographs referred to are not set out in this ground of the amended motion, nor attached thereto as exhibits, and for this reason this ground cannot be considered by this court. *Mills* v. *Williams,* 208 *Ga.* 425 (7) (67 S. E. 2d, 212), and cases there cited. As a matter of fact, the photographs do not appear anywhere in the record, and it would be utterly impossible for this court to determine whether they are irrelevant or immaterial, or whether they would tend to prejudice or mislead the jury (*Smith* v. *State,* 202 *Ga.* 851, 866 (12) (45 S. E. 2d, 267), even if this court were permitted to look to other portions of the record in order to find the evidence objected to. See, in this connection, *Pippin* v. *State,* 205 *Ga.* 316 (7) (53 S. E. 2d, 482). See also, as bearing upon the question of admissibility of photographs in evidence, *Franklin* v. *State,* 69 *Ga.* 36 (1) (47 Am. R. 748); *Parks* v. *State,* 203 *Ga.* 302, 309 (5) (46 S. E. 2d, 504); *Tatum* v. *State,* 206 *Ga.* 171, 179 (4) (56 S. E. 2d, 518), and cases there cited.

2. The second ground of the amended motion is as follows: "Because the court allowed the solicitor-general to ask leading questions over the objection of movant. A summary of the mentioned leading questions and answers cannot be given except by reference to the entire transcript of the evidence in said case." In *Wadsworth* v. *Wadsworth,* 134 *Ga.* 816 (2a) (68 S. E. 649), it is said: "An assignment of error that the court committed error in allowing the opposite party to read to the jury answers to certain questions contained in interrogatories, on the ground that they were leading, can not be considered when neither the questions referred to, nor the substance thereof, are made to appear in the assignment of error." See also *Pippin* v. *State,* 205 *Ga.* 316 (7) (supra). This ground of the motion is wholly insufficient to raise any question for decision by this court.

3. The general grounds of the motion for a new trial are without merit. We have carefully read the brief of evidence and the verdict rendered is amply authorized.

*Judgment affirmed. All the Justices concur.*

No. 17657. Submitted November 13, 1951—Decided January 15, 1952.

*Steve M. Watkins,* for plaintiff in error.

*Eugene Cook, Attorney-General, Maston O'Neal, Solicitor-General,* and *J. R. Parham, Assistant Attorney-General,* contra.