## 19556. COLMAN *v.* THE STATE.

WYATT, Presiding Justice. Don Mitchell Colman and James (Dock) Toler were indicted for murder. They were tried separately, and in this case in this court, Colman, who was convicted of murder without recommendation, has assigned as error the denial of his motion for new trial. *Held:*

1. In so far as the general grounds of the motion for new trial are concerned, it is sufficient to say that the evidence was amply sufficient to support the verdict.

2. Special ground 1 of the motion for new trial contends that the court below committed error by giving to the solicitor-general citations to certain cases and asking him to read them. The contention is that by this action the court failed to act as an "impartial umpire." This question arose upon an objection by the defendant's attorney to certain testimony. The cases

which the court asked the solicitor-general to read were cases which decided the question of the admissibility of the testimony offered adversely to the defendant. It is so obviously without error for the court to have the law dealing with a question then at issue read in determining the issue then presented as to require no further comment by this court.

3. In special ground 2 of the motion for new trial, it is contended that the court failed to act as an "impartial umpire" and aided the solicitor-general by suggesting to him that it would strengthen the State's case against the defendant by refusing certain stipulations and by placing a certain witness on the stand to testify to the facts contained in the stipulations. The events out of which this assignment of error arose were in connection with an objection to allowing a witness to testify who had remained in the courtroom after the rule requiring sequestration of witnesses had been invoked. It appeared, during the discussion among defense counsel, the solicitor-general, and the judge, that the witness, who was the husband of the deceased, had not been subpoenaed as a witness and had been informed by the solicitor-general that he had no plans to call him as a witness. It developed during the trial, however, that it might become necessary for the solicitor-general to use this witness for the purpose of identifying the deceased. As soon as it became apparent to the solicitor-general that he might have to use this witness, he asked Mr. Johnson to leave the courtroom, and he did leave the courtroom and did not return until called as a witness. During the discussion as to whether, under the circumstances, Mr. Johnson could legally be allowed to testify, counsel for the defendant agreed to stipulate that Inez Johnson was also known as Mrs. Charles E. Johnson, and further that certain photographs were photographs of said person. The judge at that time informed defense counsel, out of the presence of the jury, that counsel did not have to make these stipulations. Counsel again stated that he did make the stipulations. The court then informed the solicitor-general that he could either take the stipulations or put the witness on the stand. The solicitor-general then stated that he would put the witness on the stand without the stipulations, and did put the witness on the stand, the stipulations having been withdrawn. It is this series of events which it is contended was error. There is no merit in this contention. The statements by the court, to the effect that the solicitor-general

could either accept the stipulations or put the witness on the stand, simply amounted to a ruling as to what the court would permit and can not be construed in any way as a statement of opinion or suggestion as to what the court thought would make a stronger or weaker case for the State. The court simply stated to the solicitor-general that he could take either of two courses of action and left it entirely up to him to decide which he would take. This is certainly not error under the circumstances appearing in this case.

4. Special grounds 3, 4, 5, and 8 complain of the admission over objection of all the testimony of named witnesses which relates to certain transactions and conversations, without setting out the testimony objected to or indicating in any way how the evidence objected to may be identified or where it may be found. Such a ground of a motion for new trial is, of course, too indefinite and incomplete to be considered by this court. *Darden* v. *State,* 208 *Ga.* 599 (68 S. E. 2d 559); *Pippin* v. *State,* 205 *Ga.* 316 (53 S. E. 2d 482).

5. In special ground 6 it is contended that it was error to admit over objection a copy of a statement made by the defendant in Cleveland, Ohio, upon the ground that the original was the highest and best evidence. There is no merit in this contention for two reasons: First, James Brewer, a detective with the Cleveland, Ohio, police department testified without objection to the contents of the statement and to every fact contained in the statement. In such a case, even if the evidence objected to was improper, it would not require a new trial. In addition, counsel for the defendant agreed for the statement to go to the jury. It was therefore not error to admit the statement.

6. Special ground 7 complains of the admission over objection of a statement signed by the defendant in Atlanta, Georgia. The ground of the objection was: "Sergeant Little just testified that this statement was not made in his presence, and that it was discussed in his presence and, as a result of this discussion, that this statement was gotten out and read to this defendant and the defendant signed it." There is no merit in this contention. The ground itself shows that the statement was read to the defendant and that he signed it in the presence of the witness and was properly identified.

7. From what has been said above, there was no error in the judgment denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*
ARGUED JANUARY 16, 1957—DECIDED FEBRUARY 11, 1957.

*Dan Copland,* for plaintiff in error.
*Eugene L. Tiller, Paul Webb, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Thos. R. Luck, Jr., Carl B. Copeland,* contra.