### 20361. CHARLTON v. THE STATE.

MOBLEY, Justice. 1. The exception is to the denial of the defendant's motion for new trial on the general and two special grounds. The evidence offered by the State, which includes a confession by the defendant, shows that he and a companion went to a gasoline service station in Savannah about .11 p.m. on April 18, 1958, for the purpose of robbing it, and that the defendant in attempting to rob Sergeant Pearly Tatum, the operator of the station, cut him to death. Tatum alone, was operating the station at the time. The owner of the station, who was next door, on hearing Tatum calling him, ran to the station and overpowered the defendant while he was on top of Tatum cutting him with a knife, and held the defendant until the police came. The deceased died from the knife wounds before arriving at the hospital. The defendant offered no evidence, but made an oral statement in which he said that he started into the rest room, and the deceased told him he had better get out, or "I'll kick you out"; that he told him nobody could do that, and "at that time he [Tatum] struck me and grabbed me, and I was scuffling with him, and I pulled out my knife. . . I didn't go to kill him." The evidence amply supported the verdict, and the trial court properly overruled the general grounds.

2. Special ground 1 of the amended motion for new trial says: ". . . that the injection of defendant's character in issue by the State was harmful, prejudicial and reversible error, for which a mistrial should have been granted, said error, and objection and motion for mistrial being shown on pages seven

(7) and eight (8) of brief of evidence and shown in ruling of the court, pages one (1) and two (2)." This is insufficient to raise any valid assignment of error. "Code (Ann.) § 6-901 providing that special grounds of a motion for new trial may refer to the numbered pages of the record, and need no longer be complete within themselves, does not relieve the plaintiff in error from plainly and specifically setting forth the errors alleged to have been committed as required by Code § 6-801." *Reserve Life Ins. Co.* v. *Gay,* 96 *Ga. App.* 601 (4) (101 S. E. 2d 158). See also *Colman* v. *State,* 213 *Ga.* 9, 11 (96 S. E. 2d 611). The 1957 amendment only permits such parts of the record or brief of evidence to be used as are necessary to an understanding of the error complained of. It does not permit such reference to determine the identity of the assignment of error, as is the case here. This being a capital felony with the extreme penalty imposed, we have reviewed the assignment of error. There was no error in the trial judge's refusing a mistrial based on the testimony of the investigating officer in the case, who, in testifying as to what the defendant had told him, said: "He stated that he was discharged from the City Police Barracks at 5 o'clock on Friday afternoon." This statement was made by the accused as a part of his alleged confession, the contents of which the witness was relating to the jury, and as such was admissible. *Calhoun* v. *State,* 210 *Ga.* 180 (2a) (78 S. E. 2d 425), and cases cited. Furthermore, this evidence did not indicate that the defendant had been previously convicted of any offense and did not have the effect of injecting his character into evidence.

3. Special ground 2 complains of the statement, "and I know that to be true," made by the witness Hallman, referring to a statement the defendant made to him that he was discharged from the city police barracks at 5 o'clock on Friday afternoon, on the ground that it put defendant's character in issue and prejudiced the jury, even though the trial judge ruled it out on objection. This ground, likewise, is insufficient to raise any valid assignment of error for reasons stated in headnote 2. However, there is no merit in the ground, for the reason that, in the first place, the trial court excluded the statement and, secondly, the mere statement that the officer knew that the defendant had been released from the city police barracks did not inject his character in evidence.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., concurs in the judgment only.*

SUBMITTED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*Edward J. Goodwin, E. H. Gadsden,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.