21507.   PAGE v. PAGE.

S<small>UBMITTED</small> J<small>ANUARY</small> 9, 1962—D<small>ECIDED</small> F<small>EBRUARY</small> 8, 1962.

*Marvin D. Pierce, Jr., Mark Dunahoo,* for plaintiff in error.
*James W. Paris,* contra.

QUILLIAN, Justice. ■ The only general ground of the motion for new trial insisted upon in this court is that the verdict was without evidence to support it. While the evidence would have supported a verdict for the defendant, such a finding was not demanded, and there was a conflict of the evidence as to the material issues of the case. Under the familar rule that where there is some evidence to support the verdict, the mere fact that the preponderance of the evidence would appear to be against the verdict is not cause for reversal of a judgment overruling the general grounds of the motion for new trial. *Ga. & Fla. Inland Steamboat Co. v. Mercier,* 77 Ga. 99; *Stephenson v. Meeks,* 141 Ga. 561, 562 (4) (81 SE 851); *Williams v. Barnes,* 181 Ga. 514, 515 (2) (182 SE 897); *Thompson v. Fouts,* 203 Ga. 522 (3) (47 SE2d 571).

■ The first special ground of the motion for new trial (numbered 4) complains that the judge charged the jury: "Gentlemen, opinion evidence may be accepted by you and considered along with all the other evidence in the case in making up your verdict; however, you are not bound by the opinions of non-experts until you have determined that you will be so bound." The charge is assigned as error because it was confusing and misleading, and tended to impress the jury that the opinion evidence of expert witnesses should be given more weight and credit than the opinions of non-expert witnesses. It is also contended the criticized charge was error because: no testimony of any expert witness having been placed before the jury for their consideration, there should have been no reference to expert witnesses and any indication as to the weight and value of their testimony in the charge to the jury, and the probative value of opinion evidence of non-expert witness and expert witness is for the jury.

The charge was a clear and precise statement of a familiar rule of evidence, and was not confusing or misleading. It was in accord with this court's holding in *Boyd v. State,* 207 Ga. 567, 569 (63 SE2d 394), *Merritt v. State,* 107 Ga. 675, 681 (34 SE 361), *Manley v. State,* 166 Ga. 563, 597 (144 SE 170), and

in the case of *Allen v. Allen,* 71 Ga. App. 272, 276 (4) (30 SE2d 665), the Court of Appeals approved a charge almost identical to that assigned as error here.

In the *Allen* case, supra, the charge referred to the weight and credit to be given to opinions of both expert and non-expert witnesses, while the charge in the instant case does not allude to the testimony of expert witnesses.

The explanation of the court having confined the instructions to the subject of non-expert opinions is found in the statement of the ground that there were no expert witnesses sworn upon the trial of the case. There was no intimation in the instructions given as to the opinions of non-expert witnesses that the jury should give more credence to the testimony of expert witnesses. The ground alleges that the charge should not have alluded to the testimony of expert witnesses because there were none, and it is apparent from the charge itself that it made no reference to opinion evidence of expert witnesses.

The ground is without merit.

■ Grounds two, three, four, and five (numbered 5, 6, 7, and 8) of the amended motion for new trial except to the trial judge omitting to instruct the jury in reference to certain rules of law and principles of equity. It is elementary that a charge must be applicable to the issues made by the pleadings and evidence. *Bregman v. Rosenthal,* 212 Ga. 95, 97 (4) (90 SE2d 561); *Childers v. Ackerman Constr. Co.,* 211 Ga. 350 (1) (86 SE2d 227).

None of these grounds sets forth or indicates by page number, or otherwise, where in the record, pleadings or evidence necessary to show the desired instructions were adjusted to the issues of the case may be found. Hence, they are too indefinite and incomplete to be considered by this court. *Code Ann.* § 6-901 (Ga. L. 1957, pp. 224, 232); *Colman v. State,* 213 Ga. 9, 11 (4) (96 SE2d 611); *Darden v. State,* 208 Ga. 599 (2) (68 SE2d 559).

*Judgment affirmed. All the Justices concur.*