21793. COTHERMAN v. COTHERMAN.

ARGUED OCTOBER 9, 1962—DECIDED NOVEMBER 14, 1962— REHEARING DENIED DECEMBER 3, 1962.

*Atkins & Atkins, Ben S. Atkins,* for plaintiff in error.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* contra.

HEAD, Presiding Justice. Lester S. Cotherman filed a libel for divorce against his wife, Margaret L. Cotherman. Mrs. Cotherman filed a cross-action for divorce, temporary and permanent alimony, and other relief. The trial resulted in a verdict for a divorce on the petition of the husband, and the jury did not award the wife any alimony. Her motion for new trial, as amended, was denied, and the exception is to this judgment. By stipulation of counsel the general grounds of the motion for new trial were abandoned.

The special grounds of the motion for new trial as amended complain of rulings by the trial court upon the admission of testimony. These grounds have been carefully examined and no reversible error is shown.

The last ground refers to the admission in evidence of a tape recording, alleged to have been made by the husband, of a telephone conversation he had with the wife. Both in oral argument and by brief, counsel for the plaintiff in error have insisted that the admission of this tape recording in evidence was error. An examination of this ground reveals: After the number of the ground is the following:

"Beginning Page 159 through Page 181, Main Brief, Pages 41-57, Memorandum of Objections and Motions:

"Redirect examination of Plaintiff on rebuttal:

"All of this part of the record is purported tape recording of telephone conversation or conversations between plaintiff and defendant, and objections thereto."

Immediately following the above quotation appear two pages of argument as to why the tape recording was not admissible in evidence.

The above quotation is insufficient as a valid assignment of error. " 'Code (Ann.) § 6-901 [Ga. L. 1957, pp. 224, 232] providing that special grounds of a motion for new trial may refer to the numbered pages of the record, and need no longer be complete within themselves, does not relieve the plaintiff in error from plainly and specifically setting forth the errors alleged to have

been committed as required by Code § 6-801.' *Reserve Life Ins. Co. v. Gay,* 96 Ga. App. 601 (4) (101 S. E. 2d 158)." *Charlton v. State,* 214 Ga. 778 (2) (107 SE2d 840).

The two pages of argument in this ground can not be substituted for a valid assignment of error. " 'To make an objection to evidence available in the reviewing court, it must appear that objection was made and upon what grounds it was made in the trial court.' *Donaldson v. Chance,* 144 Ga. 469 (87 S. E. 395). It is not sufficient that the evidence was admitted over objection; nor that certain grounds of objection are contained in the amended motion for new trial." *Edenfield v. Brinson,* 149 Ga. 377 (4) (100 SE 373). See also *Miller v. Coleman,* 213 Ga. 125 (7) (97 SE2d 313).

*Judgment affirmed. All the Justices concur.*