41214. MACH v. THE STATE.

PANNELL, Judge. ■ Where a ground of a motion for new trial is not complete within itself and makes no reference to the

portions of the record necessary for its consideration, it is too incomplete to be passed upon. *Mutual Benefit Health &c. Assn. of Omaha v. Hickman,* 100 Ga. App. 348, 364 (111 SE2d 380); *Taylor v. Murray,* 102 Ga. App. 145 (1) (115 SE2d 776); *Cotherman v. Cotherman,* 218 Ga. 486 (128 SE2d 728); *Code Ann.* § 6-901. Under this ruling, special grounds 4 and 5 of the motion for new trial are not sufficiently complete for consideration by this court.

■ Under the ruling by the Supreme Court in *Kendrick v. Kendrick,* 218 Ga. 460 (4) (128 SE2d 496), by which we are bound, "When a motion for mistrial is made and the trial court instructs the jury not to consider the alleged error upon which the motion is based, and counsel neither requests further instruction nor renews the motion for mistrial, the assignment of error based on the denial of the motion for a mistrial is without merit." The motion for mistrial in the present case, the denial of which is complained of in ground 6 of the amended motion for new trial, not having been renewed after the trial judge instructed the jury to disregard the remarks of the prosecuting attorney, the assignment of error is without merit.

■ The assignment of error in ground 7 of the amended motion for new trial on the overruling of the "defendant's objection" to the argument of the prosecuting attorney which does not state the grounds of objection presented, nor that movant requested the rebuke of counsel or that the jury be instructed to disregard the remarks or that a motion for mistrial was made, presents no question for decision by this court.

■ The charge complained of in ground 8 of the amended motion for new trial, to wit, "I charge you that if you believe beyond a reasonable doubt from the evidence in this case that lottery tickets were sold in Thomas County any time within the two years immediately preceding the time this indictment was returned into court, and that this defendant aided, abetted, assisted any person in such sale or participated in the sale of such lottery tickets in any manner, then and in that event you would be authorized to convict the defendant on count 1 of the indictment," is not subject to the objection that it "is an incomplete statement of the law in that the jury must find that the defendant participated in the sale of a lottery ticket within two years from the date

of indictment and not only that lottery tickets were being sold within two years of the time of indictment."

■ The charge complained of in ground 9 of the amended motion for new trial, to wit, "I further charge you that if you believe beyond a reasonable doubt that there was a lottery operation known as bolita, cuba, the bug and the numbers game, which was a scheme or device for the hazarding of money being carried on in Thomas County at any time within two years immediately preceding the time this indictment was returned into court, and that this defendant aided, abetted, counseled or assisted those operating such lottery or participated in the operation of same in any manner, then and in that event you would be authorized to convict the defendant on count 2 of the indictment," is not subject to the objection that "the jury must find that the defendant aided, abetted, counseled or assisted those operating in such lottery or participated in the operation of the same within the two years from the date of the indictment and not only that a lottery operation was being carried on at any time within two years preceding the date of the indictment."

■ The evidence being sufficient to show that a lottery operation was being carried on during the early part of 1963 and that the defendant aided and abetted and assisted in such lottery operation during the early part of 1963 and made sales of lottery tickets during said period, his conviction on the two counts of indictment was authorized and the general grounds of the motion for new trial are without merit.

■ There being no error in overruling the defendant's motion for new trial, the judgment of the trial court is hereby

*Affirmed. Nichols, P. J., and Eberhardt, J., concur.*

DECIDED MARCH 9, 1965—REHEARING DENIED MARCH 25, 1965.

*M. Dale English, Garland T. Byrd,* for plaintiff in error.
*Marcus B. Calhoun, Solicitor General,* contra.