22860. SCOTT v. UNDERCOFLER, Commissioner.

MOBLEY, Justice. This case was before this court in *Undercofler v. Scott,* 220 Ga. 406 (139 SE2d 299) on exceptions to the judgment of the trial court overruling the general demurrer of the Revenue Commissioner to the petition, which sought a mandamus against the Revenue Commissioner to require him to re-instate Scott as an employee of the Revenue Department and pay him his salary and other emoluments of his office for the time he had been removed from his job, and on exception to the judgments of the trial court rendered after hearing evidence under a stipulation of the parties that the trial judge would decide all issues of law and fact without intervention of a jury. This court there held that the trial court properly overruled the general demurrer to the petition, as it set out a cause of action for some of the relief sought, and affirmed the final judgments which were excepted to. The effect of that decision was to hold that the employee Scott was entitled to the emoluments of his office from the date of his dismissal until he was restored to his position with the Department, that he was entitled to recover interest on his unpaid salary and that he was not entitled to be re-instated in his job, as he in his petition alleged that he had resigned after having been re-instated. After the remittitur of this court was made the judgment of the trial court on November 19, 1964, the trial court on the same day overruled the motion for

new trial and denied a new trial. It is to this judgment that the plaintiff in error now excepts. *Held:*

1. The motion for new trial as amended contained the usual general grounds and several special grounds. The record contains what is styled a "Brief of the evidence in behalf of the Movant," which was approved as correct by the trial judge. It could be more appropriately styled a "Brief of the Brief of Evidence." In fact it is so brief that it does not contain complete sentences and is unintelligible. A review of the general grounds requires a consideration of the evidence; hence, we are unable to consider assignments of error upon the general grounds. *Wood v. Bewick Lumber Co.,* 103 Ga. 235 (3) (29 SE 820).

2. The special grounds of the motion for new trial, as amended, are too indefinite and incomplete to raise any valid assignment of error, as they are not intelligible, and this court is unable to understand what they complain of. While *Code Ann.* § 6-901 provides that special grounds of a motion for new trial may refer to numbered pages in the record and need not be complete in themselves, the plaintiff in error is not relieved of the requirement of *Code Ann.* § 6-801 that errors complained of must be plainly and specifically set forth. *Charlton v. State,* 214 Ga. 778 (2) (107 SE2d 840); *Cotherman v. Cotherman,* 218 Ga. 486, 487 (128 SE2d 728). And where as here they are not understandable the court is unable to pass upon them.

*Judgment affirmed. All the Justices concur.*

Submitted February 9, 1965—Decided March 9, 1965.

*Olon E. Scott,* for plaintiff in error.

*Eugene Cook, Attorney General, Louis F. McDonald, Assistant Attorney General,* contra.