## 44499.   HUDSON v. THE STATE.

PANNELL, Judge. The defendant was tried and convicted of the offense of larceny of an automobile. His motion for new trial was overruled and he appealed to this court from such judgment. *Held:*

1. A police officer, witness for the State, testified as to apprehending the defendant and that he was brought to the police station and the witness advised the defendant of his constitutional rights. The witness further testified that the witness "took a waiver of counsel form out of the drawer. I asked him could he read and write the English language. He told me, yes. I then handed him the waiver of counsel form and asked him to read it and as he read it I read it along with him. After I handed it to him he said: I don't need to read it; I have been down here enough before; and I don't need a lawyer." The testimony was objected to as placing the defendant's character in issue and a motion for mistrial was also made by defendant's counsel, which was overruled by the trial judge. There was no request that the court instruct the jury to disregard the statement. In view of the decisions of the Supreme Court in *Cherry v. State,* 220 Ga. 695 (3) (141 SE2d 412); *Charlton v. State,* 214 Ga. 778 (107 SE2d 840) and *James v. State,* 223 Ga. 677 (157 SE2d 471), we are constrained to the view that the statement did not put the defendant's character in issue and there was no error in overruling the objection to the evidence and the motion for mistrial.

2. The trial judge gave the following instruction to the jury: "Alibi as a defense, involves the impossibility of the defendant's presence at the scene of the offense at the time of the alleged commission; and the range of evidence, facts, and circumstances submitted to you in respect to time and place must be such as to reasonably exclude the possibility of the defendant's presence at the scene of the alleged crime at the time of its alleged occurrence. Alibi, as a defense, *must be established to the reasonable satisfaction of the jury.*" (Emphasis supplied.) Exception is made to this charge on the ground that it placed an undue burden of proof upon the defendant. The charge is not subject to the objection made, particularly where it appears, as in the present case, that the trial judge charged the jury that if the evidence as to alibi considered with the other evidence in the case created a reasonable doubt as to the guilt of the accused, it would be their duty to acquit him. See *Porter v. State,* 200 Ga. 246 (36 SE2d 794); *Hale v. State,* 110 Ga. App. 236 (138 SE2d 113). See also *Harrison v. State,* 83 Ga. 129, 135 (9 SE 542); *Landis v. State,* 70 Ga. 651 (48 AR 588); *Johnson v. State,* 59 Ga. 142; *Jackson v. State,* 64 Ga. 344; *Wade v. State,* 65 Ga. 756; *Smith v. State,* 3 Ga. App. 803 (61 SE 737); *Smith v. State,* 4 Ga. App. 807 (61 SE 737).

3. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

ARGUED JUNE 2, 1969—DECIDED JUNE 18, 1969—REHEARING DENIED JULY 2, 1969—

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Joel M. Feldman,* for appellee.