### 31658. TALLEY v. TALLEY et al.

NICHOLS, Chief Justice.

Mildred Ratcliff Talley filed a complaint against her former husband, Howard Lee Talley and his present wife, Charlotte W. Talley, seeking to set aside a conveyance from her former husband to his present wife of a certain tract of real property, alleging that said conveyance was for the purpose of defrauding appellant and hindering and delaying the collection of an indebtedness owed to appellant by Howard Lee Talley for child support and mortgage payments due under the terms of the divorce decree. The appellees answered and denied the amount of the indebtedness, admitted the conveyance but denied that Howard Lee Talley had any financial interest in the property. It was further alleged that the property in question belonged to Charlotte W. Talley.

On the trial of the case evidence was adduced that Charlotte W. Talley, shortly after her marriage to Howard Lee Talley, had purchased unimproved real property (the property in question) with her own funds and had directed that title be placed in both her and her husband's names. A loan was obtained on such property

for the purpose of making improvements (building a home). After the loan was obtained, Howard Lee Talley contributed labor toward the building of the home prior to the conveyance in question but no funds.

The plaintiff presented evidence that the conveyance was executed and filed for record shortly after a judgment was rendered in a contempt hearing wherein the plaintiff here unsuccessfully sought to have Howard Lee Talley held in contempt of court for failure to pay alimony as required by the divorce decree between the parties.

It cannot be said that the evidence did not authorize the verdict and under decisions exemplified by *Thompson v. Fouts,* 203 Ga. 522 (47 SE2d 571) (1948); *Page v. Page,* 217 Ga. 606 (123 SE2d 922) (1962), and similar cases, the judgments of the trial court complained of in this case, to wit: the refusal to direct a verdict for the plaintiff, the refusal to grant a judgment non obstante veredicto and the entering of a judgment on the verdict, show no reversible error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 29, 1976 — DECIDED DECEMBER 1, 1976.

*Taylor & Brown, Eugene S. Taylor,* for appellant.
*Pittman, Kinney, Kemp, Pickell & Avrett, John T. Avrett,* for appellees.