A90A0383. WILLINGHAM v. THE STATE.
(394 SE2d 393)

CARLEY, Chief Judge.

Appellant and four others were co-indicted for commission of the following offenses: Criminal attempt to commit first degree forgery; two counts of first degree forgery; and, three counts of financial transaction card theft. Two of appellant's four co-indictees pled guilty prior to trial. Appellant and the two remaining co-indictees were tried before a jury and found guilty of all but one of the two first degree forgery counts. Appellant appeals from the judgments of conviction and sentences that were entered by the trial court on the jury's guilty verdicts.

1. One of appellant's original co-indictees who had pled guilty

was called as a witness for the State. In the course of her direct testimony, this co-indictee gave a version of the events which was essentially exculpatory of appellant. Counsel for the State was thereafter properly allowed to prove that the co-indictee had given a prior statement which was inculpatory of appellant. See generally *Davis v. State*, 249 Ga. 309, 313 (3) (290 SE2d 273) (1982).

Construing the co-indictee's prior statement most favorably for the State, there was a conspiracy which included appellant and, in the course of a least one of the crimes that had been committed in furtherance of that conspiracy, appellant had acted as a look-out. The co-indictee's prior statement served not only as evidence which was impeaching of her, but also as substantive evidence which was probative of appellant's guilt. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982); *Lockhart v. State*, 169 Ga. App. 931, 932 (1) (315 SE2d 455) (1984). Although the evidence may not have shown appellant's active participation in all of the crimes that were attempted or committed in furtherance of the conspiracy, it was nevertheless sufficient to authorize a rational trior of fact to find him guilty beyond a reasonable doubt as a party to all of those crimes. *Ford v. State*, 163 Ga. App. 745 (296 SE2d 85) (1982). It follows that appellant's enumeration of the general grounds is without merit.

2. On direct examination, the co-indictee was asked how she had first met the other four members of the conspiracy. She responded: "Well, I was smoking crack and I was over to the guy's house." Counsel for one of appellant's co-defendants moved for a mistrial, urging that her client's character had been impermissibly placed into evidence. The trial court denied the motion, but gave curative instructions that the jury was to disregard the reference to drugs. The trial court's failure to grant the motion for mistrial is enumerated as error.

Since the record does not indicate that appellant ever joined in his co-defendant's motion, there is considerable doubt whether he is now entitled to raise the issue. However, even assuming that appellant does have standing, there was no error. The co-indictee's response implicated the character of no one other than herself. Her testimony was merely that *she* had been smoking crack. Moreover, the motion for mistrial was not renewed after the trial court gave curative instructions. *Mach v. State*, 111 Ga. App. 423, 424 (2) (142 SE2d 87) (1965).

3. The trial court did not err in allowing into evidence testimony regarding the commission of a similar crime in another county which had occurred some two hours prior to the commission of the crimes which underlay the instant prosecution. *Jackson v. State*, 225 Ga. 39, 44 (4) (165 SE2d 711) (1969); *Fluellen v. State*, 163 Ga. App. 425, 426 (5) (294 SE2d 653) (1982).

4. The trial court did not err in denying appellant's motion to

sever his trial from that of his two co-defendants. *Stevens v. State*, 165 Ga. App. 814, 815 (3) (302 SE2d 724) (1983).

5. Over objection, the trial court admitted into evidence the post-arrest statement of one of appellant's co-defendants who did not testify and who was not, therefore, subject to cross-examination.

The co-defendant's statement was, standing alone, inculpatory of neither the co-defendant himself nor appellant. In his statement, the co-defendant denied any wrongdoing and admitted only that he and the four other individuals, including appellant, had been together on the date the crimes were committed. Merely placing appellant in the company of a co-defendant who denies any wrongdoing is not, in and of itself, inculpatory. The trial court did not err in admitting the statement into evidence. *Owens v. State*, 193 Ga. App. 661, 662 (3) (388 SE2d 712) (1989).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

Decided May 11, 1990.

*Porter & Lehman, Thomas L. Lehman,* for appellant.

*J. Brown Moseley, District Attorney, Ronald S. Smith, Assistant District Attorney,* for appellee.