## A90A1087. CROWDER v. THE STATE.
(397 SE2d 29)

CARLEY, Chief Judge.

Appellant and four others were co-indicted for several counts of forgery, attempted forgery, and financial credit card theft. Two of appellant's four co-indictees pled guilty prior to trial. Appellant and the two remaining co-indictees were jointly tried before a jury and found guilty of all but one count. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Appellant enumerates as error the admission into evidence of the statement of one of his co-defendants who did not testify. This enumeration of error is controlled adversely to appellant by this court's opinion in the appeal of one of his other co-defendants. *Willingham v. State,* 195 Ga. App. 595 (394 SE2d 393) (1990.)

2. Appellant's enumeration of error as to the denial of his motion to sever his trial from that of his co-defendants is likewise controlled adversely to him by *Willingham v. State,* supra at 597 (5).

3. One of the co-indictees who pled guilty prior to trial testified on behalf of the State. In an unresponsive answer to a question asked on direct examination, the co-indictee mentioned that *she* had been smoking crack cocaine when she first met the other four members of the conspiracy. Appellant's motion for mistrial was denied and, although the co-indictee had implicated the character of no one other than herself, the trial court nevertheless gave curative instructions to the jurors that they should disabuse themselves of any reference to illegal drugs and give no consideration to it in their deliberations. Under these circumstances, it was not error to deny appellant's motion for mistrial. *Willingham v. State,* supra at 596 (3).

4. The co-indictee did make two subsequent references in her testimony to "getting high" with appellant. In each instance, the trial court denied appellant's renewed motion for mistrial, but in neither instance did the trial court repeat the curative instructions that it had formerly given. The denial of these two subsequent motions for mistrial is also enumerated as error.

Although the co-indictee may have mentioned appellant by name in connection with "getting high," she did not indicate that illegal drugs were necessarily involved. In any event, the co-indictee's comment regarding "getting high" was not so inflammatory as to warrant

our holding "that the trial court erred by denying [appellant's] motion[s] for mistrial. [Cit.] Moreover, [even if] the court should have [again] instructed the jury to disregard the answer of the witness, we find that, in this case, it is highly probable that testimony that appellant [was "getting high" with the witness] did not contribute to the verdict. [Cit.] Thus we find no reversible error." *Felker v. State*, 252 Ga. 351, 366 (8) (314 SE2d 621) (1984).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Altman, Lane & Lilly, V. Gail Lane*, for appellant.
*J. Brown Moseley, District Attorney, Ronald S. Smith, Assistant District Attorney*, for appellee.