## BECKER: v. SHAW.

FISH, P. J.　1. Where a party voluntarily testified that he acted in a given transaction under the advice of his attorney, it was not cause for a new trial that his attorney was permitted, over his objection, to testify to the same thing.

2. Although the evidence demanded a verdict for the plaintiff, the court erred in directing a verdict for the amounts of principal, interest, and attorney's fees as therein stated.　The Civil Code, § 2883, prescribes that, "When a payment is made upon any debt, it shall be applied first to the discharge of interest due at the time, and the balance, if any, to the reduction of the principal."　Applying this rule to the undisputed facts disclosed by the record, the amount of principal found by the verdict to be due was $99.15 less than the true amount due as principal; the amount of interest found was $118.84 in excess of the true amount due as interest, and the amount found as attorney's fees was $2.96 in excess of the true amount due as attorney's fees.

　　　　　　*Judgment affirmed with direction.　All the Justices concur.*

　　　　　　Argued July 15, — Decided August 12, 1904.

Complaint.　Before Judge Calhoun.　City court of Atlanta. December 16, 1903.

*Bishop & Ripley*, for plaintiff in error.