## BRANNAN v. McWILLIAMS.

1. The evidence did not warrant a finding that the transaction of the defendant in the purchase of the two tracts of land in controversy created a resulting or implied trust in favor of the plaintiff. At the time of the purchase the defendant sustained no fiduciary relation to the plaintiff; there was no contractual relation of principal and agent between them; and the defendant did not have in his hands funds of the plaintiff. That being true, the court did not err in failing to give to the jury instructions based upon the theory that there was existing, at the time of the transaction referred to, a fiduciary relation between plaintiff and defendant.
2. That a decree does not follow or is not authorized by the verdict upon which it is entered is not good ground of a motion for a new trial. *Potts* v. *City of Atlanta*, 140 *Ga.* 431 (79 S. E. 110).
3. The questions submitted by the court to the jury substantially covered the issues involved, at least in a general way; and if other more particular questions were desired, counsel should have suggested them to the court. *Greer* v. *Willis*, 67 *Ga.* 43, 48.
4. A ground of a motion for a new trial complaining that the finding of the jury was contrary to specified portions of the charge amounts merely to a complaint that the verdict was contrary to law, and the general grounds of the motion cover that exception.

FEBRUARY 24, 1917.

Equitable petition. Before Judge Searcy. Henry superior court. December 8, 1915.

*Smith & Russell,* for plaintiff. *E. J. Reagan,* for defendant.

BECK, J. 1. The plaintiff, a minor, suing by next friend, alleged that the defendant, her guardian, had purchased two tracts of land belonging to the estate of her mother, at an undervalue, by representing to prospective bidders that he purposed to buy the land for her in order that her money might be well invested; and she prayed that he be decreed to hold the land as her trustee. No demurrer to the petition was filed. On the trial there was evidence tending to show that the defendant was the plaintiff's uncle, and not long before the sale of the land by the administrator of her deceased mother he applied for letters of guardianship of the property of plaintiff. On the day of the sale and prior thereto the defendant told certain prospective bidders that he intended to purchase the land for the plaintiff, and misled the plaintiff's grandfather as to the hour of sale. The defendant personally bid off one tract and his brother-in-law bid off the other tract. There were no other bidders. The land was worth more than the amount bid. The administrator of the plaintiff's mother made a deed to

defendant, receiving from him $1,000 in money and his due-bill for $700, which sums aggregated the purchase-money for both tracts of land. Several months after the sale the defendant was appointed and qualified as guardian. He settled his due-bill to the administrator by receipting for a sum of like amount as a payment by the administrator to his ward, which he has accounted for in his returns as guardian. The court submitted the case for return of a special verdict. The plaintiff moved for a new trial, and complained, among other grounds, that the court failed to instruct the jury that if the defendant assumed to purchase the land for his ward, and told her and her friends that he intended purchasing the land for her, and if the bidding at the sale was suppressed thereby, the land would be impressed with a trust in favor of the plaintiff. The evidence did not warrant a finding that the transaction of the defendant in the purchase of the land created a resulting or implied trust in favor of the plaintiff. At the time of the purchase the defendant sustained no fiduciary relation to the plaintiff. He had no funds of hers. There was no contractual relation of principal and agent between them. The circumstance that the defendant, who qualified as the plaintiff's guardian several months after the sale, settled his due-bill for a part of the purchase-price of the land by giving to the administrator his receipt as guardian, does not impress a trust on the land. An implied trust only results when the money of another is used at the time of the purchase. The defendant included this money of his ward in his returns and accounted for the interest thereon. The defendant bought the land with his own funds; and whatever right the plaintiff may have as an heir of her mother to vacate the sale to the defendant on the ground of fraud, she did not become the beneficial owner of the land, under the most favorable view of the evidence.

2-4. The rulings made in headnotes 2, 3, and 4 require no elaboration. There was no merit in any of the other grounds of the motion.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*