## NASH v. BURTON.

1. Where a will is offered for probate, and a caveat is filed on the sole ground that it was not executed by the alleged testatrix, it is not error to exclude evidence which does not identify the will as being made by the testatrix, nor elucidate that issue.

2. Where, on the trial of an issue of whether an alleged testatrix signed a paper purporting to be a will, the caveatrix offered two witnesses who testified, without objection, that the testatrix said she could not write, and the counsel for the propounder on cross-examination elicited

from one of these witnesses the answer that the testatrix said she could not write, it is not cause for a reversal that later the court overruled an objection of counsel for the propounder to the answer of a third witness for the caveatrix, stating that the alleged testatrix said she could not write, although the evidence, taken by itself, may have been inadmissible.

3. The evidence is sufficient to support the verdict, and the court did not err in refusing a new trial.

August 17, 1917.

Appeal. Before Judge Smith. DeKalb superior court. February 19, 1916.

*Walter McElreath* and *C. M. Dobbs,* for plaintiff.

*George Gordon,* for defendant.

Hill, J. W. F. Nash filed the will of Mrs. Elizabeth Frances Nash for probate in the court of ordinary of DeKalb county, to which proceeding Mrs. W. H. Burton, a daughter of the testatrix, filed a caveat. The will was proved in solemn form, and was admitted to probate. The case was appealed to the superior court by the caveatrix, who filed an amendment to the caveat, which was solely relied upon, all the other grounds of the caveat being abandoned on the trial. The amendment alleged that the will offered for probate as the last will of the testatrix was not executed by her, and that the alleged signature, "Elizabeth Frances Nash," appended to the will, was not in fact the signature of Elizabeth Frances Nash and was not placed there by her, and that the will was never executed and published by the testatrix. The jury found for the caveatrix, that the paper offered for probate was not the last will and testament of Elizabeth Frances Nash, and was not entitled to probate as such. A motion for a new trial was made by the propounder, which was overruled, and he excepted.

1. On the trial counsel for the propounder asked the witness W. F. Nash the question, "Did your mother ever tell you about going there [Capt. Bray's office] to make a will?" This question was objected to by counsel for the caveatrix, upon the ground that it was incompetent and did not elucidate the issue. The court excluded the question and refused to allow the witness to make answer thereto. The witness was then asked, "Do you or not recall going there [Capt. Bray's office] with her at one time about the date of this will for the purpose of her making a will?" The court again refused to allow the witness to answer the question. In the absence of the jury, the witness stated that he would testify that

"Capt. Bray told me to go outside of the office and wait for a little while; that they had some business to transact. They did not go into any details. Of course I knew what they were there for. She had said what she was going there for when she asked me to go with her. After we had left there, I do not know that she said anything in particular about it; she said she had her papers and carried them with her." The court ruled that the testimony of the witness was inadmissible, and excluded it from the jury. Error is assigned on this ruling. We think the court was right in excluding the testimony sought to be elicited. There is nothing in it which identifies the will, or sheds light on the proposition that the testatrix was there for the purpose of making a will. It does not indicate that Mrs. Nash said she was there to make a will, or anything to elucidate that issue.

2. The remaining ground of the motion for a new trial complains because the witness Tedder, upon direct examination, was permitted to testify: "She [Elizabeth Frances Nash] said she did not know nothing about writing, that she could not write." Other witnesses testified that Mrs. Nash said she could not write. No objection was raised to the other testimony, and it was allowed to remain before the jury, including an answer of one of the witnesses on cross-examination by counsel for the propounder, that "she said she could not write." In these circumstances, the admission of testimony to the same effect, although objection was raised thereto, will not cause a reversal, although the latter testimony, taken by itself, may be inadmissible. See, in this connection, *Becker* v. *Shaw*, 120 *Ga.* 1003 (48 S. E. 408); *Hixon* v. *State*, 130 *Ga.* 479 (61 S. E. 14); *Harrison* v. *State*, 125 *Ga.* 267 (53 S. E. 958).

3. The evidence was sufficient to authorize the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

FISH, C. J., specially concurring. I agree to the ruling stated in the second headnote solely because of the fact that in my opinion it sufficiently appears from the record that the propounder brought out, on cross-examination, the response of the witness that he heard the decedent say that she could not write. Without an effort to rule out or exclude such response from the evidence, I think that the propounder would not be entitled to exclude the testimony of a subsequent witness to the same effect.