## 18280. SEYMOUR *v.* THE STATE.

DUCKWORTH, Chief Justice. Sylvester Seymour was indicted for murder and convicted without a recommendation. Thereafter he filed a motion for new trial on the usual general grounds, and later filed an amendment thereto containing four special grounds. The exception here is to the judgment overruling his motion for new trial as amended. *Held:*

1. The first special ground of the motion alleges error of the court in dismissing the special pleas of the accused to the indictment and warrant, that he had been denied due process of law under the 14th amendment in that he had been illegally arrested and held in jail for 4 or 5 days before a warrant was issued. The accused was indicted by a grand jury and the legal sufficiency of this indictment is thus under attack, and this cannot be properly raised in a motion for new trial. *Griffin* v. *Justices of Inferior Court of Baker County,* 17 *Ga.* 96; *Flemister* v. *State,* 81 *Ga.* 768 (7 S. E. 642); *Robson* v. *State,* 83 *Ga.* 166 (9 S. E. 610); *Boswell* v. *State,* 114 *Ga.* 40 (39 S. E. 897); *Moses* v. *State,* 123 *Ga.* 504 (51 S. E. 503); *Gossitt* v. *State,* 182 *Ga.* 535 (186 S. E. 417).

2. The second special ground alleges that $35 received by a witness from the sale of a coat purchased by her with money given to her by the accused and which was admitted in evidence was immaterial, irrelevant, not germane, prejudicial, and harmful to the defendant in that it was not the same money alleged to have been taken from the deceased and it was introduced for the purpose of prejudicially inflaming the minds of the jurors. Prior to the introduction of this money, substantially the same evidence in the form of oral testimony of the same witness as to the money was admitted without objection, and, for this reason, even if such evidence was improper, it would not require a new trial. *Wheeler* v. *State,* 179 *Ga.* 287 (175 S. E. 540); *Moore* v. *State,* 193 *Ga.* 877 (20 S. E. 2d 403); *Carrigan* v. *State,* 206 *Ga.* 707 (58 S. E. 2d 407). There is no merit in this ground.

3. The third special ground complains of the testimony of an officer as to a statement made to him by the defendant's wife as to money in her possession, $35 of which had been given to her by her husband on his last pay day shortly before the crime. The purpose of such testimony was to show that robbery was the motive for the killing; that the accused had given certain sums of money to various persons and the testimony was a statement made by the wife to the officers during their investigation of the crime, in the presence of the accused while in their custody; and that he failed to deny committing the crime or to explain the nature of the source of his funds. Such statement did not require an answer, since the accused, although under arrest, was not charged with any particular crime nor did the statement require any answer from the accused at that time. *Chapman* v. *State,* 109 *Ga.* 157 (34 S. E. 369). Nor could the testimony come within the original-evidence rule as to evidence obtained during an investigation (Code § 38-302; *Bryant* v. *State,* 191 *Ga.* 686 (14), 13 S. E 2d 820), since it would be the same as the wife testifying against her husband. Code § 38-1604. This testimony together with other evidence created a suspicion of robbery in the minds of the jurors and, since robbery was a motive, it was

definitely harmful to the accused. For the reason stated above, it should have been excluded from the evidence.

4. The fourth special ground of the motion objects to the introduction of a written confession of the accused because it was obtained while the defendant was under illegal arrest, under duress, and was a denial of due process of law. Precisely the same testimony was given, without objection, by the officers who received the oral confession from the accused some two days before the written confession was made, and, for this reason, it was not reversible error to admit the written confession in evidence. See citations in headnote 2 above; also Lewis v. State, 196 Ga. 755 (27 S. E. 2d 659). However, the record does not disclose that the accused was under illegal arrest at the time the confession was made, and there is evidence that he made it freely and voluntarily. There is no merit in this ground.

5. The evidence was sufficient to authorize the verdict and the general grounds are without merit. However, for the reason stated in headnote 3 above, the court erred in overruling the motion for new trial as amended.

Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.

ARGUED JULY 13, 1953—DECIDED SEPTEMBER 14, 1953.

W. T. Mobley, William M. Fleming, Jr., for plaintiff in error. George Hains, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, contra.