### 18407. BELL *et al. v.* BELL.

WYATT, Presiding Justice. Mattie Bell Green Bell filed an application in the Court of Ordinary of Chatham County to have set apart to her as a year's support a one-half undivided interest in certain property allegedly owned jointly by Gertrude Janie Bell and George Bell, deceased. Gertrude Janie Bell filed a caveat to the application for a year's support and then, without any further action in the court of ordinary, the caveator filed suit in the Superior Court of Chatham County against the ordinary and Mattie Bell Green Bell, seeking to enjoin the ordinary from proceeding further in the cause and to enjoin Mattie Bell Green Bell from proceeding further in the court of ordinary, alleging that title to land was in dispute. By amendment, the ordinary was removed as a party in the superior court. The petition alleged in substance: that the deceased, George Bell, married Mattie Bell Green Bell on December 10, 1925; that on October 31, 1940, the deceased married Gertrude Janie Bell, petitioner in the instant case; that the deceased represented to the petitioner that he had never been married and subscribed under oath when he applied for a marriage license that he had never been married; that the petitioner bought certain real property with her own money and took a deed to herself and the deceased, with whom she was living as husband and wife, and that this constituted a gift to the deceased; that, by reason of the misrepresentation of the deceased, the deed to one-half undivided interest to the property in question was obtained by fraud; and that title conveyed to the deceased was void because of said fraud. The petitioner further alleged that she did not know that the deceased had been previously married until after his death. The prayers were that the defendants be enjoined from proceeding in the court of ordinary to have said property set aside as a year's support; and that the petitioner have such other relief as may be just and equitable in the premises. The defendants filed general and special demurrers to the petition. The demurrers were overruled. To this judgment the defendants filed exceptions pendente lite. They then filed their answer

and denied that the petitioner did not know of the existence of the deceased's first wife. She also denied that the property was purchased by the petitioner with her own funds. The defendants further answered, alleging that the property in question was purchased with money of the deceased; that he gave the petitioner a one-half undivided interest in the property in consideration of the bigamous relationship that existed between them, and the gift was therefore void; and that the defendants were the heirs at law of the deceased and were entitled to the whole property. After both sides had presented all their evidence, the judge instructed the jury that the defendants had failed to prove their claim to the whole property. As to the other questions in the case, the evidence was in sharp conflict. The jury found in favor of the petitioner. The defendants filed their motion for new trial on the general grounds, and amended by adding several special grounds. The motion for new trial was duly overruled. To this judgment the defendants excepted.
*Held:*

1. The plaintiffs in error contend in their general demurrer that the petition fails to set out a cause of action, for the reason that the petitioner is attempting to set out a priority claim superior to a year's support. It is contended that no claim is superior to a claim for a year's support except a claim for purchase money under Code § 113-1011. While the contentions of the plaintiff in error might be sound in a case in which a person is attempting to set up a claim to property belonging to a deceased husband at the time of his death, this principle has no application in a case such as the instant one, where the contention of the petitioner is that the deceased did not own the property at the time of his death. Under the allegations of the petition—which must be taken as true in ruling on the general demurrer—the petitioner purchased the property with her own money, and was induced by false representations of the deceased to take a deed conveying the property to herself and the deceased jointly, and she undertook to rescind as soon as she discovered the fraud. Therefore, under the allegations, the deceased never had any interest in the property here involved except as trustee for the petitioner, and no question of the priority of a mortgage, lien, or other claim to property of the deceased husband is here involved. It follows, it was not error to overrule the general demurrer to the petition.

2. The special demurrers, not having been argued in this court, will be considered as abandoned.

3. Since the evidence was in sharp conflict as to whether or not the property here involved was bought by the petitioner with her own funds, and as to whether or not the petitioner knew that the deceased had a prior undissolved marriage, and as to the other material issues in the case, the jury was authorized to find in favor of the plaintiff. It was not error to overrule the general grounds of the motion for new trial.

4. Ground four of the amended motion for new trial contends that the court erred in admitting, over objection, numerous receipts for hospital bills, doctors' bills, and funeral expenses incurred on behalf of the deceased and paid by the defendant in error. It is contended that these bills have no relevancy on the issue of title to the property in question or the question of fraud practiced upon the defendant in error by the deceased. The motion for new trial lists nineteen receipts to which

objection was made. There had been previously admitted in evidence a letter from Dr. Porter, which stated that the defendant in error had made numerous payments on the doctor bill of the deceased. This letter was admitted without any objection insofar as the payment of the bills was concerned. It appears from the receipted bills objected to and listed in the motion for new trial that eight of the bills were bills paid to Dr. Porter. It was clearly not ground for reversal to admit these bills, since evidence to the same effect had been previously admitted without objection. See, in this connection, *Nash* v. *Burton*, 147 *Ga.* 209 (93 S. E. 203), and cases cited. It follows, since it was not error to admit some of the bills objected to in ground four, it was not error to overrule this ground.

5. Special grounds five, six, and seven of the motion for new trial are not argued in this court except to copy the grounds into the brief. This is not sufficient argument, and these grounds will be considered as abandoned. See *The B-X Corporation* v. *Jeter*, 210 *Ga.* 250 (78 S. E. 2d 790).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J. not participating.*

SUBMITTED NOVEMBER 10, 1953—DECIDED JANUARY 11, 1954.

*Sydney L. Raskin,* for plaintiff in error.
*David S. Bracker, Lewis, Wylly & Javetz,* contra.