### 18396. HORTON *et al.* v. FREEMAN.

WYATT, Presiding Justice. This case is before this court on exceptions to the judgment of Judge Columbus E. Alexander, pro hac vice, in Chatham Superior Court, awarding custody of a minor female child seven years old to the defendant in error, the stepfather of said minor, in habeas corpus proceedings instituted by the plaintiffs in error, the paternal grandparents of said minor, against the defendant in error. The petition for habeas corpus alleged in substance: that Lane Horton was the minor child of C. C. Horton and Rebecca Lane Horton; that C. C. Horton was the son of the plaintiffs in error; that C. C. Horton died in 1945; that, after the death of C. C. Horton, Rebecca Lane Horton married Dr. Thomas R. Freeman; that on November 22, 1952, Rebecca Lane Freeman died leaving the minor child in the custody of Dr. Freeman; that the petitioners have demanded the custody of Lane Horton from Dr. Freeman, but he has refused to surrender her to them; that some time in June, 1952, Dr. Freeman filed proceedings to adopt the child, and Rebecca Lane Freeman, the child's mother, acknowledged service and signed a written consent to his adoption of the child; that a hearing was set on the adoption proceedings, but that the date for the hearing has passed and no hearing has been held; that, two days after the death of Rebecca Lane Freeman, a conference was held relative to the future of Lane Horton, and that Dr. Freeman agreed that the petitioners would have custody of Lane Horton; that on December 27, 1952, another conference was held as to who should have Lane Horton, and it was agreed that Dr. Freeman should keep her until the end of the school term, and that the child would then be released to the peti-

tioners; that when the time arrived to surrender the child to the petitioners, Dr. Freeman refused to do so and instructed his attorney to amend the adoption proceedings; and that a new date for a hearing on the adoption proceedings has been set. It is further alleged that the petitioners are fit and proper persons to have custody of the child and are capable of caring for her; and that the defendant has no fit and capable person in his home to care for the child. The defendant answered, denying all the material allegations of the petition. Both sides introduced evidence supporting their contentions, and when the evidence was all in, the judge sitting without a jury determined that the custody of Lane Horton should remain in Dr. Thomas R. Freeman. To this judgment the petitioners excepted and assign the same as error to this court. *Held:*

1. The plaintiffs in error assign numerous rulings of the court below as error. It is contended that the judgment of the court below was error because: (1) the evidence disclosed that Dr. T. R. Freeman had agreed to let the plaintiffs in error have custody of Lane Horton at the end of the school term; (2) the court erred in holding that Dr. T. R. Freeman at no time determined upon a definite arrangement affecting the future welfare of Lane Horton; (3) the court erred in holding that Rebecca Lane Freeman never revoked her consent for Dr. Freeman to adopt Lane Horton. The evidence as to all these issues was in conflict. It would serve no useful purpose to set out the voluminous evidence here. It is sufficient to say that the judge was authorized to find, as he did, in favor of the defendant in error on all these issues. It follows, there is no error in any of the rulings here complained of.

2. It is next contended that the trial court erred in admitting certain evidence which it is contended is hearsay and inadmissible. The testimony objected to was by a neighbor of the Freemans, who testified to statements by Rebecca Lane Freeman before she died to the effect that adoption proceedings had been instituted, and that Rebecca Lane Freeman never told her that she was dropping the proceedings. Conceding that the evidence objected to was inadmissible, there is other testimony in the record which is almost identical with that by the witness to whose testimony objection was made, and no objection was made to this testimony. "In these circumstances, the admission of testimony to the same effect, although objection was raised thereto, will not cause a reversal, although the later testimony taken by itself may be inadmissible." *Nash* v. *Burton,* 147 *Ga.* 209 (93 S. E. 203), and cases cited. It follows, this ground presents no cause for reversal of the decision in the instant case.

3. The next assignment of error contends that the judgment of the court below is erroneous for the reason the trial court abused its discretion in awarding Lane Horton to Dr. Freeman. The judge was authorized to find in this case that Dr. Freeman has a fit and proper home for the child and is well able to care for her; that this home is the only home Lane Horton ever knew; that Dr. T. R. Freeman is the only father she has ever known, although she did know of her real father; that Lane Horton is a well adjusted child and is happy in the home of Dr. Freeman; that Lane Horton is fond of Dr. Freeman and of her two half-brothers, with whom she has become accustomed to being associated.

**300**

While it may or may not be true that the home of Dr. Freeman has certain disadvantages to the child, and while it may or may not be true that the home of the petitioners has certain advantages for her, under the circumstances of this case the decision of the trial court was clearly not an abuse of discretion.

4. Finally it is contended that the court below erred in holding that, under the decisions of the appellate courts of this State, grandparents occupy no legal status as parents. Under the view we take of this case, it is not necessary to pass upon this assignment of error, since it would make no difference in the result whether or not it were determined that the grandparents occupied any status toward the child. This is true for the reason that the judgment of the court below—holding that the defendant in error had agreed to adopt the child, had instituted adoption proceedings, that the mother of the child had consented to the adoption and had not withdrawn her consent, and that the defendant in error had not in any way relinquished his rights in the child—is here being affirmed.

5. It follows from what has been said above, the judgment complained of was not error for any reason assigned.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

ARGUED NOVEMBER 9, 1953—DECIDED JANUARY 11, 1954.

*Myrick & Myrick*, for plaintiffs in error.
*Bouhan, Lawrence, Williams & Levy, Oliver & Smith*, contra.