18986. BOYD *v.* SUMMER, guardian.

HAWKINS, Justice. This is the second appearance of this case in this court. For a statement of the nature of the case, see *Summer* v. *Boyd,* 208 *Ga.* 207 (66 S. E. 2d 51). On the second trial a verdict was rendered in favor of the plaintiff as follows: "We the jury find E. P. Summer insane at the time the deed was made," and further found in favor of the defendant for a money judgment in the sum of $2,000, which by the decree of the court was made a special lien against the property described in the deeds. To the judgment denying his motion for a new trial, based on the general grounds and three special grounds, the defendant excepts. *Held:*

1. While the evidence is in conflict, there is sufficient evidence to authorize the verdict, and the general grounds of the motion for a new trial are without merit.

2. The plaintiff's petition alleged in paragraph 2 that Summer, the grantor in the deeds executed in 1930 and 1934, and sought to be set aside, "is insane, having been so adjudged by the Court of Ordinary of Hall County, Georgia, on November 1, 1924, January 19, 1937, September 10, 1947, and, by virtue of the last named judgment, is presently confined at the Milledgeville State Hospital, a Georgia facility for insane persons." There was no demurrer to these allegations, but the defendant by his answer denied the allegations of paragraph 2, "except defendant is advised that said E. P. Summer is now confined in the State Hospital at Milledgeville, but further understands that said commitment was for

chronic alcoholism rather than a psychotic condition," and, in paragraph 13 of his answer, alleged that, at the time of the execution of the deeds to the defendant, the grantor therein was perfectly sane, and "throughout said time and since said time appeared perfectly normal mentally in all his dealings and contracts with the defendant both before and after said transactions complained of." The first and second grounds of the amended motion (numbered 4 and 5) complain of the admission in evidence of the certified copies of the lunacy proceedings against Summer in the Court of Ordinary of Hall County, dated January 15, 1937, and September 10, 1947, upon the ground that they showed on their face that they were instituted and judgments rendered therein from three and one-half to seventeen years after the execution of the deeds sought to be set aside, and were too far removed from the signing of the deeds, and were inadmissible and incompetent evidence in the case. *Held:*

The admission in evidence of these proceedings was not harmful error as to the defendant for the following reasons:

(*a*) The proceeding dated January 15, 1937, while alleged in the first ground of the amended motion to be an adjudication of the insanity and a commitment of Summer to the State Hospital, and seems to have been so dealt with by counsel for both plaintiff and the defendant, as well as the witnesses who testified with respect thereto, the copy attached to this ground of the motion as an exhibit, and the copy attached to the brief of evidence, show that in the proceeding dated January 15, 1937, Summer was adjudged by the commission "not to be a lunatic and not a fit subject for the Milledgeville State Hospital," and the judgment of the ordinary was that "Summer is not a person of unsound mind, and that as such he be not committed to the Milledgeville State Hospital." Such being the case, the evidence was beneficial and not harmful to the defendant.

(*b*) The defendant's answer having alleged that Summer was sane, "both before and after said transaction complained of," and having admitted his confinement in the Millegeville State Hospital, but having alleged that the confinement "was for chronic alcoholism, rather than a psychotic condition," the lunacy proceeding dated September 10, 1947, was admissible upon the issue thus made by the defendant's pleadings. *Nugent* v. *Watkins*, 129 *Ga.* 382 (2) (58 S. E. 888); *Shadburn* v. *Tapp*, 209 *Ga.* 887 (3) (77 S. E. 2d 7).

(*c*) Even if otherwise inadmissible, the admission of these proceedings was not harmful error as against the defendant in the instant case, for the reason that the oral testimony of George Bishop and Mrs. Ernest Summer, to the effect that Summer had been adjudged insane and committed to the hospital on these three occasions, was admitted without objection In *Baldwin* v. *Davis,* 188 *Ga.* 587 (4) (4 S. E. 2d 458), it is held: "The exception to the admission of written evidence shows no harmful error, since oral testimony as to the contents of the writings was admitted without objection." See also *Seymour* v. *State*, 210 *Ga.* 21 (4) (77 S. E. 2d 519); *Bell* v. *Bell*, 210 *Ga.* 295 (4) (79 S. E. 2d 524); *Horton* v. *Freeman*, 210 *Ga.* 298 (2) (79 S. E. 2d 537); *Smith* v. *State,* 210 *Ga.* 713 (4) (82 S. E. 2d 507).

3. The third ground of the amended motion (numbered 6) is as follows:

"Because the judgment entered in said case does not follow the verdict returned by the jury and there was no finding by the jury that Ernest P. Summer was incompetent at the time he signed the first deed (security deed) on January 16, 1930." In *Brannan* v. *McWilliams*, 146 *Ga.* 528 (2) (91 S. E. 772), it is held: "That a decree does not follow or is not authorized by the verdict upon which it is entered is not good ground of a motion for a new trial." See also *Smith* v. *Smith*, 206 *Ga.* 461 (5) (57 S. E. 2d 611).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 13, 1955—DECIDED JULY 11, 1955.

*Brannon & Brannon,* for plaintiff in error.
*R. Wilson Smith, Jr., Carl Tallant, Robert J. Reed,* contra.