### 19557.   TOLER v. THE STATE.

WYATT, Presiding Justice.   James (Dock) Toler and Don Mitchell Colman were indicted for murder.   They were tried separately and, in this case in this court, Toler, who was convicted of murder without recommendation, has assigned as error the denial of his motion for new trial.   *Held:*

1. In so far as the general grounds of the motion for new trial are concerned, it is sufficient to say that the evidence was amply sufficient to support the verdict.

2. The first special ground of the motion for new trial complains because Sergeant R. E. Little, Jr., a detective with the Atlanta Police Department, was permitted to testify, over objection, as to the condition and appearance of the deceased when he arrived upon the scene of the crime.   The objection made was that the testimony was immaterial and was offered only for the purpose of prejudicing the minds of the jury.   There is no merit in this contention.   The condition and appearance of the deceased a short time after the crime was discovered was certainly material to the issues in the case, and it is not error to allow material evidence even though it might inflame the minds of the jury.   *Avery* v. *State,* 209 *Ga.* 116 (70 S. E. 2d 716) ; *Weaver* v. *State,* 199 *Ga.* 267 (34 S. E. 2d 163).

3. Special grounds 2, 3, and 4 complain because certain photographs of the deceased were admitted over the objection that they had not been properly identified and were harmful and prejudicial.   There is no merit in this contention.   The photographs objected to were taken at the undertaking parlor after the body had been cleaned up and show the location and nature of the wounds on the deceased.   While it does not appear that the witness who identified the photographs was present

when they were taken, he did testify that the photographs were a true representation of the body as he found it at the time they were taken. This was a sufficient identification of the photographs objected to, and it was not error to admit them over the objections made.

4. Special grounds 5 and 7 complain of the admission over objection of all the testimony of named witnesses which relate to certain transactions and conversations, without setting out the evidence objected to or indicating in any way how the evidence objected to may be identified or where it may be found. Such a ground of a motion for new trial is of course too indefinite and incomplete to be considered by this court. *Bowen* v. *Smith-Hall Grocery Co.*, 146 *Ga.* 157 (91 S. E. 32); *Darden* v. *State*, 208 *Ga.* 599 (68 S. E. 2d 559); *Pippin* v. *State*, 205 *Ga.* 316 (53 S. E. 2d 482).

5. Special ground 6 complains because a statement by Toler was admitted over objection. The objection was made that the writing itself showed that it was not made and obtained without promise of reward because it included the language to the effect that the statement "may be used for or against the defendant in a court of law," and that by necessary implication the use of the word "for" indicates that the defendant might derive some benefit from the statement in a court of law. There is obviously no merit in this contention. The language objected to is simply a statement to the effect that it was made without prejudice to anyone's right to use it in a court of law. It can not be construed as holding out to the defendant any reward or other inducement.

6. Special ground 8 complains of the admission over objection of a birth certificate of this defendant's coindictee, upon the ground that the time when "somebody else was born" did not have "anything to do with this case," and that it was harmful and prejudicial. There is in the record other evidence as to the age of this defendant's coindictee, which was admitted without objection. In these circumstances, even if the evidence objected to was improper—and we do not intend to decide or intimate that it was—it would not require a new trial. *Seymour* v. *State*, 210 *Ga.* 21 (77 S. E. 2d 519).

7. From what has been said above, it was not error to deny the motion for new trial in this case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 16, 1957—DECIDED FEBRUARY 11, 1957.

*Dan Copland,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene L. Tiller, Carl B. Copeland, Thos. R. Luck, Jr., Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.