19874. SHELDON *v.* HARGROSE.

SUBMITTED OCTOBER 15, 1957—DECIDED NOVEMBER 12, 1957.

*Clark Ray, Jas. L. Moore,* for plaintiff in error.
*David H. Ansley,* contra.

ALMAND, Justice. The exceptions under review are to a judgment overruling general and special demurrers to a petition seeking the reformation of a deed, and to an order denying the defendant's motion for a new trial.

The petition of Burton Hargrose made the following case: In May 1944, the plaintiff owned a tract of land at the northeast corner of Booker Street and Lincoln Drive in land lot 63 of the 18th District of DeKalb County, Georgia, said tract being two building lots numbers 6 and 7 in Block B of Washington Park Subdivision. The plaintiff entered into a contract with one Mariah Simmons whereby he agreed to convey to her a portion of the tract beginning at a point 98 feet east of the northeast corner of Lincoln Drive and Booker Street and fronting 42 feet on Lincoln Drive. In July 1944, the plaintiff entered into an oral agreement to sell to the defendant, G. S. Sheldon, the remainder of said tract fronting 98 feet on Lincoln Drive. At that time, the plaintiff informed the defendant that he had agreed to sell the east portion of the tract, fronting 42 feet on Lincoln Drive, to Mariah Simmons and, while on the premises, pointed out to the defendant the boundary lines of the property sold to Simmons and the land that the defendant was buying, the said lot sold to Simmons having a house thereon then being occupied by Simmons. The defendant procured a scrivener to draft the deed of conveyance of the lot from the plaintiff to the defendant, and said scrivener erroneously included in said deed all of the land that the plaintiff had previously sold to Simmons. At the time the sale was completed and the deed was delivered to the defendant on August 28, 1944, neither party

detected the erroneous description. The plaintiff alleged that the mistake in executing and delivering the erroneous deed was mutual, in that the true and real intent of the parties was that the plaintiff would deed to the defendant only the remainder of the tract left after deducting the land sold to Simmons. On September 9, 1944, the plaintiff executed a warranty deed to Mariah Simmons to the tract fronting 42 feet on Lincoln Drive, and she continued to reside on and possess the land described in the deed until her death, shortly after which time the erroneous description was discovered. It was further alleged that the defendant had never claimed any right, title or interest in the land sold to Simmons. The prayers were that the deed from the plaintiff to the defendant be reformed so as to describe therein and convey thereby only the land as described in paragraph 4 of the petition.

■ The grounds urged in the defendant's general demurrers were: (a) that the petition failed to set forth a cause of action; (b) that the plaintiff was estopped as a matter of law after a lapse of 11 years to seek a reformation; (c) that, at the time the plaintiff executed his deed to Mariah Simmons, the defendant's deed was on record and Simmons thereby had notice that the lot in her deed had been previously conveyed to the defendant; and (d) that the petition did not show any valid excuse why the plaintiff did not read the deed before executing it. Among the several special demurrers was the claim that the allegations as to the sale of the lot to Mariah Simmons and her occupancy of the same were irrelevant and immaterial because she was not made a party to the suit.

A mistake of law by the draftsman or other agent, by which a deed, as executed, violates the manifest intention of the parties to the deed, may be relieved in equity. Code § 37-205. In all cases of a mistake of fact material to the contract, where the party complaining applies within a reasonable time, equity will grant relief. Code § 37-206. "If the form of conveyance shall be, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto." Code § 37-215. Although equity will not reform a written contract because of mistake as to the contents of the writing on the part of the complaining party, who is able to

read but fails to do so, where no sufficient excuse appears as to why such party did not read the contract (*Weaver* v. *Roberson*, 134 *Ga.* 149, 67 S. E. 662), such principle has not been extended to cases in which it is sought to reform written instruments on the ground of mutual mistake of fact. "In all cases where the form of the conveyance or instrument is, by mutual mistake, contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto." *Green* v. *Johnson*, 153 *Ga.* 738 (3, 4, 5), 749 (113 S. E. 402). In such cases, it is wholly immaterial from what cause the defective execution of the intent of the parties originated. *Wyche* v. *Greene*, 16 *Ga.* 49. Nor will the negligence of the party complaining defeat his right to reformation, if the other party has not been prejudiced thereby. Code § 37-212. The allegations in the instant petition show that the defendant has never been in possession of any part of the lot sold to Mariah Simmons, has acquired no right or interest in or to the land conveyed in the Simmons deed, and would not be adversely prejudiced by a reformation of his deed; therefore the plea of laches is without substance. See *Sweatman* v. *Dailey*, 162 *Ga.* 295 (3) (133 S. E. 257); *Volunteer State Life Ins. Co.* v. *Powell-White Co.*, 196 *Ga.* 372 (4) (26 S. E. 2d 815). The petition stated a cause of action for reformation of the deed, and it was not error to overrule the general and special demurrers. See *Gibson* v. *Alford*, 161 *Ga.* 672 (2) (132 S. E. 442); *Kight* v. *Gaskin*, 139 *Ga.* 379 (1, 2) (77 S. E. 390); *Long* v. *Gilbert*, 133 *Ga.* 691 (1) (66 S. E. 894); *McDonald* v. *Mullins*, 197 *Ga.* 511 (29 S. E. 2d 507).

■ On the trial of the case, the jury returned the following verdict: "We, the jury, find for the plaintiff, Burton Hargrove [sic], that the deed from Burton Hargrove [sic] to G. S. Shelton [sic] should be reformed to cover lot number seven instead of lots numbers six and seven." Upon this verdict, the following judgment was rendered: "It is hereby ordered and adjudged that the warranty deed from the plaintiff to the defendant dated August 17, 1944 and recorded on August 28, 1944 in Deed Book 602, folio 512, DeKalb County, Georgia records, be and the same is hereby reformed in accordance with the allegations in the plaintiff's petition herein." It is asserted in grounds 1, 2, 3, 5, and 6 that the verdict and decree were erroneous because

it was not contended in the pleadings that either lot number 6 or 7 was deeded by mistake; because the petition shows that lots 6 and 7 front 140 feet on Lincoln Drive; because the judgment does not follow the verdict; because the verdict and judgment should be set aside, in that the evidence does not show that the plaintiff has any interest in the property; and because such verdict and decree cast a cloud on the title of property not claimed by the plaintiff.

There is no merit in any of these contentions. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code § 110-105. Although a verdict may not be explicit or definite in its terms, if its intent is apparent from the pleadings and the evidence, it must be construed with reference thereto. *Carithers* v. *Carithers*, 202 *Ga.* 596 (43 S. E. 2d 503); *Howard* v. *Barrett*, 52 *Ga.* 15 (2); *Short* v. *Cofer*, 161 *Ga.* 587 (131 S. E. 362); *Shellnut* v. *Shellnut*, 188 *Ga.* 306 (2) (3 S. E. 2d 900). Although the pleadings describe the lots sold to the defendant and to Simmons by metes and bounds and not by lot number, the evidence shows that the plaintiff owned lots 6 and 7 of the Washington Park Subdivision; that the plaintiff built a house on lot 7, and while building a house on lot 6, he sold a portion of lot 6, including the house, to Simmons; that, at the time he sold lot 7 to the defendant, the plaintiff pointed out the boundaries of the land sold to Simmons to the defendant, and the defendant understood that he was buying all of the land not previously sold to Simmons. The defendant in his testimony admitted that the plaintiff had told him before the sale was consummated that he had previously sold part of the tract, and that he, the defendant, did not buy the Simmons house and had never asserted any claim to or over the lot occupied by the Simmons house.

The description of lots 6 and 7 by metes and bounds is in the pleadings and in the evidence. There was evidence that the defendant bought only all of the tract not previously sold to Simmons, and that this was all that was intended by the parties to be described in the deed. Construing the verdict in the light of the pleadings and the evidence, it is plain that the jury intended by their verdict that the deed from the plaintiff to the

defendant should be reformed so as to eliminate from its description the tract of land described in the deed from the plaintiff to Mariah Simmons. In other words, the jury found that the defendant's deed should be reformed so as to cover only the land described in paragraph 4 of the petition.

The objection as to the form and content of the decree will not be passed upon, for the reason that such an objection cannot be raised in a motion for a new trial. See *Brannan* v. *McWilliams*, 146 *Ga.* 528 (2) (91 S. E. 772); *Barber* v. *Barber*, 157 *Ga.* 188 (121 S. E. 317).

■ Ground 4 assigns error on the following charge: "The plaintiff further alleges and contends that through a mutual mistake between him and the defendant, that that deed I have just referred to does not convey the property that the plaintiff and the defendant intended to be conveyed. The plaintiff contending that it was the intention of the parties that he convey to the defendant only Lot No. 7 of that subdivision. He contends and alleges that prior to the execution of the deed to the defendant Sheldon that he told Sheldon that he had sold Lot No. 6 of the subdivision to Myria [sic] Simmons." It is contended that the petition fails to show such a contention, and that the charge was confusing to the jury and harmful to the defendant. The charge was authorized by the pleadings and the evidence, and is not subject to the criticism made.

■ The evidence overwhelmingly supports the verdict, and it was not error to deny the amended motion for a new trial.

*Judgment affirmed. All the Justices concur.*