21891. ALDRIDGE et al. v. WHALEY.

Argued January 14, 1963—Decided
February 7, 1963.

*Frank G. Wilson,* for plaintiffs in error.

*O. L. Crumbley, Harry F. Thompson,* contra.

QUILLIAN, Justice. ■ The assignment of error on the overruling of the general and special demurrers to the petition were not insisted upon in this court and must be treated as abandoned.

■ The plaintiff's evidence, while in conflict with that introduced by the defendants, amply supported the material averments of the petition. There is no merit in the general grounds of the motion for new trial that the verdict was without evidence to support it. *Myers v. Adcock,* 198 Ga. 180 (2) (31 SE2d 160); *Hardin v. Snow,* 201 Ga. 58 (5) (38 SE2d 836); *Gay v. Mayor &c. of Lyons,* 212 Ga. 438 (3) (93 SE2d 352); *Burr v. Atlanta Paper Co.,* 2 Ga. App. 52 (4) (58 SE 373).

■ The first ground of the amended motion for new trial recites that, when a named witness was called by the plaintiff, counsel for the defendants, movants in the motion, moved the court to inquire as to the nature of the evidence the plaintiff proposed to introduce. The ground further relates that, upon the plaintiff's counsel stating the nature of the facts he hoped to show by the testimony of the witness, counsel for the defendants objected and contended such evidence would not be admissible. The ground alleges that the trial court erred in overruling the defendants' objection.

The objection did not challenge the competency of the witnesses through whose testimony the evidence in question would be introduced, but only the admissibility of evidence of the nature to which their testimony would relate. The ground does not set forth any of the evidence to which the objection was interposed, or indicate where in the record it may be found; in fact, it does not disclose that the evidence was actually adduced upon the trial. Hence, the ground is, according to *Darden v. State,* 208 Ga. 599 (1) (68 SE2d 559), and *Toler v. State,* 213 Ga. 12 (4) (96 SE2d 593), too incomplete to be considered.

■ Grounds 2, 3 and 4 of the amended motion for new trial

assign as error the charge: "The law does not require that an agreement such as the plaintiff alleges was made in this case must be in writing in order to be enforced, and if you believe the plaintiff has carried the burden imposed upon him by the law of showing that the contract was made and he has complied with his part of it, the plaintiff is entitled to enforce such agreement whether the contract was in writing or by word of mouth." The criticism made of the charge is that it is incomplete and incorrect in that it failed to instruct the jury that performance of a parol contract for the sale of land that will render the contract enforceable must be accepted by the seller.

According to the evidence submitted upon the trial, the plaintiff made the required initial payment and twenty-three instalment payments, which constituted the purchase price of the lots bought by him from the defendant Aldridge; the plaintiff went into possession of the lots and over a period of months made valuable improvements upon them in Aldridge's presence. This was such compliance as Code § 37-802 requires to entitle a party to enforce a parol contract for the purchase of realty. In the case of *Sikes v. Sims*, 212 Ga. 391, 392 (2) (93 SE2d 6), is the pronouncement: "While payment of a part of the purchase money is not alone such part performance as will take the case out of the statute of frauds, if accompanied by possession it will amount to such part performance as will take the contract out of the statute of frauds." See also *Black v. Black*, 15 Ga. 445; *Kutash v. Gluckman*, 193 Ga. 805 (20 SE2d 128).

■ Ground 5 of the amended motion for new trial excepts to the entire charge of the court because, as the movants contend, it failed to apply the law of agency to the facts of the case. What was omitted from the charge is not shown by the ground nor are the facts of the case therein referred to disclosed. The ground is so incomplete that it presents no question for review.

Ground 6 of the amended motion assigns error upon the failure of the trial judge to charge, without request: "Agency cannot be shown in the first instance by the declarations of the agent, but when the agency is prima facie shown, declarations of the agent are admissible in corroboration." The ground alleges that the

desired instructions are pertinent and material to the issues of the case, but neither includes nor refers to any part of the record from which its relevancy or materiality appears. Thus, the ground is incomplete and insufficient to present a question for review. *Calhoun v. State,* 211 Ga. 112 (84 SE2d 198); *Hicks v. Cherry,* 193 Ga. 4 (3) (17 SE2d 60).

■ Grounds 7 and 14 of the amended motion for new trial are not referred to in the brief of the movant's counsel, who made no oral argument in this court. They must be treated as abandoned.

■ Grounds 8 to 13 inclusive complain of the admission into evidence of certain notes, checks and receipts. These instruments were connected with the sales by the defendant Aldridge to the plaintiff and other persons of lots in a subdivision or tract of land known as Ginny Lynn Acres. The parties to these transactions were called as witnesses and in the course of their testimony related the circumstances under which the documents were executed and their significance in the transactions with which they were connected. The witnesses described each of the documents. No objection to this testimony was interposed or exception taken to its admission. The rule of practice is that an exception to the admission of written evidence does not show harmful error where oral testimony as to the contents of the writings was admitted without objection. *Baldwin v. Davis,* 188 Ga. 587 (4) (4 SE2d 458); *Seymour v. State,* 210 Ga. 21 (2, 4) (77 SE2d 519); *Boyd v. Summer,* 211 Ga. 700 (2c) (88 SE2d 411).

*Judgment affirmed. All the Justices concur.*