## 40433. THURMOND v. THE STATE.

DECIDED NOVEMBER 13, 1963.

*Mark Dunahoo*, for plaintiff in error.

*Alfred A. Quillian, Solicitor General*, contra.

NICHOLS, Presiding Judge. ■ Special ground 4 of the amended motion for new trial assigns error on the admission of testimony of a purported co-conspirator. This ground neither sets forth the evidence objected to nor refers to the same by page number as permitted by the Act of 1957 (Ga. L. 1957, pp. 224, 232; *Code Ann.* § 6-901). Accordingly, this special ground is too incomplete to be considered. See *Toler v. State*, 213 Ga. 12 (4) (96 SE2d 593) ; *Aldridge v. Whaley*, 218 Ga. 611, 615 (130 SE2d 124).

■ Special grounds 5, 6 and 7 assign error on excerpts from the court's charge as being unsound as abstract principles of law. While it is argued in the brief that such excerpts are not authorized by the evidence, no such contention is made in the motion for new trial; and, since a question cannot be raised for the first

time in this court, see *Fuller v. Self,* 107 Ga. App. 664, 665 (131 SE2d 214), and cases there cited, the sole question for decision is the question presented by the special grounds of the amended motion for new trial, to wit: Were the excerpts from the charge complained of correct as abstract principles of law?

The excerpt from the charge following generally the language of *Code* §§ 38-409 and 38-420, complained of in special ground 5, was not incorrect as an abstract principle of law.

Special ground 6 complains of an excerpt from the charge which defined "conspiracy," and special ground 7 complains of an excerpt of the charge on how "conspiracy" may be proved. Neither of these excerpts was incorrect as an abstract principle of law.

■ Special ground 8 complains of an excerpt from the charge as placing the character of the defendant in issue. The court instructed the jury: "Participation in the commission of the same criminal act, and in the execution of a common criminal intent, is necessary to render one criminal in a legal sense, an accomplice of another *criminal.*" (Italics ours). This charge, without the italicized word has often been used by the appellate courts as a correct statement of the law. *Springer v. State,* 102 Ga. 447, 451 (30 SE 971); *Mosley v. State,* 65 Ga. App. 800 (16 SE2d 504); *Perryman v. State,* 63 Ga. App. 819, 822 (12 SE2d 388). And in *Montford v. State,* 144 Ga. 582, 584 (87 SE 797), it was approved as an instruction given the jury. The addition of the word *criminal* in nowise changes the meaning of the sentence since with or without such word the sentence has the identical meaning. The trial court was charging a correct principle of law and such charge did not place the defendant's character in issue.

■ The evidence adduced on the trial, while not without conflict, authorized the conviction, and the judgment overruling the amended motion for new trial was not error for any reason assigned.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*