### 22727. KENNER et al. v. KENNER.

QUILLIAN, Justice. James and Comer Kenner instituted a suit against Harris Kenner in the Fulton Superior Court praying that a certain warranty deed purporting to convey a house and lot from Howell Kenner to Harris Kenner be canceled and for other forms of relief. Howell Kenner was alleged to be the father of both the plaintiffs and the defendant. The petition related Howell Kenner was deceased and certain other persons were made parties, one of whom was alleged to be his widow and others to be his heirs at law. It was alleged the deed should be set aside and declared void because the maker of the deed at the time he executed the same on August 30, 1946, or at any time thereafter until his death which occurred on April 27, 1954, had insufficient mental capacity to make the deed. Some of the relief sought related to the disposition of the property described in the deed in the event the deed was set aside. The trial judge submitted to the jury the sole question whether Howell Kenner was mentally competent to make the deed. The jury returned a verdict in favor of the defendant. The plaintiffs made a motion for new trial upon the general grounds and five special grounds. The motion was overruled, the plaintiffs excepted and brought the case to this court for review. *Held:*

1. The general grounds of the motion for new trial were not insisted upon in this court and must be treated as abandoned. *Roseman v. Wright,* 209 Ga. 748 (1) (76 SE2d 7), and cases cited.

2. Ground 1 excepts to a statement made by the trial judge apparently in ruling upon the admissibility of evidence. The statement is: "I don't see how that is material, how it started or what has been done. The question before us now is whether it is a valid deed or not. I don't know what you

are talking about, you say when the suit was first brought, there was no evidence to have the deed set aside and . . ." The exception taken to the quoted statement was: "Plaintiffs contend that this language of the Honorable Court was the expression of an opinion, and had the effect of directing the attention of the trial jury to whether or not the deed was valid on its face, or whether it was drawn properly, instead of the real issue of whether or not the grantor, Howell Kenner, was competent to make a valid deed at the time he made his mark thereon, or whether he was sane or insane when he executed the deed." The ground does not set out the evidence to which the statement refers or furnish sufficient information from which it may be determined whether the statement was subject to the criticism made. The ground not being complete and understandable, it presents no question for consideration. *Kelley v. State,* 210 Ga. 118 (2) (78 SE2d 11); *Rushing v. Akins,* 210 Ga. 450 (1a) (80 SE2d 813).

3. Special ground 2 alleges the court erred in excluding certain tax returns on the lot the deed from Howell Kenner to Harris Kenner purported to convey, made by one Lillian Smith on behalf of Howell Kenner for the years 1950, 1951, 1952 and 1953, in which a homestead exemption for each year was claimed for Howell Kenner. The plaintiffs insist the returns were admissible for the purpose of showing ownership of the property in Howell Kenner and were indicative that he had no memory or recollection of having executed the deed to Harris Kenner. The tax returns had no relevancy or probative value for the reason that no proof was offered to show Howell Kenner authorized Lillian Smith to make the returns or was even aware she had made them. *Mitchell v. Gunter,* 170 Ga. 135, 146 (152 SE 466); *Chamblee v. Johnson,* 200 Ga. 838 (2) (38 SE2d 721); *Davis v. Newton,* 217 Ga. 75, 82 (6) (121 SE2d 153).

4. Grounds 3 and 4 of the amended motion for new trial assign as error the admission of certain evidence. "Where a special ground does not set forth any of the evidence to which an objection was interposed or indicate where in the record it may be found, it is too incomplete to be considered." *Aldridge v. Whaley,* 218 Ga. 611 (3) (130 SE2d 124); *Darden v. State,* 208 Ga. 599 (1) (68 SE2d 559); *Toler v. State,* 213 Ga. 12 (4) (96 SE2d 593).

5. (a) Ground 5 of the amended motion for new trial assigns

as error a charge of the trial judge: "and there are allegations about the necessity of determining who the property belongs to and who has the paramount right of claim thereto, but that is not before you at this time." The exception to the quoted charge is that it was misleading, confusing and an expression of opinion that "the plaintiffs should not prevail." The instruction assigned as error was an excerpt isolated from the context of the court's charge defining the issue to be passed upon by the jury. The charge as a whole explicitly instructed the jury that there were issues set up by the pleadings as to who are the widow and heirs at law of Howell Kenner, deceased, and as to their respective interests in the property described in the deed. The charge then plainly instructed the jury that the only issue being submitted for their determination was whether Howell Kenner possessed mental capacity to execute the deed to Harris Kenner, which the petition prayed be canceled. The charge was not subject to the criticism that it was argumentative, confusing or an expression that the plaintiffs should not prevail.

There was no direct exception to the trial judge's charge limiting the consideration of the jury to the issue as to whether Howell Kenner was mentally competent to make the deed to Harris Kenner. The ground does contain the averment that in connection with the charge complained of the judge should have instructed the jury: "and this you may determine by whether or not Howell Kenner was competent or of sound mind, capable of understanding a contract, at the time he signed the deed to the property now in litigation." There was no request that the judge give such instruction in charge to the jury and no exception is taken to his omission to give such instruction.

(b) The same ground assigns another excerpt from the judge's charge as error: "but I will caution you that a good deal in the petition is not germane to the issue before you and you would not consider those allegations." The criticism of this charge is that it was misleading, argumentative and an expression of opinion that the "plaintiffs' petition was not properly drawn and the allegations therein not correct." The ground alleged: "the court should [have] point[ed] out what allegations were to be considered, and which allegations were not to be considered." The judge in his charge complied with this suggestion. He expressly limited the jury's consideration to the one issue as to whether Howell Kenner was

mentally competent to execute the deed, and explicitly pointed out the parts of the petition germane to that issue. The charge was not misleading or argumentative, nor subject to the criticism that it expressed an opinion either that the petition was not skillfully drawn or its allegations incorrect.

*Judgment affirmed. All the Justices concur.*

Argued November 10, 1964—Decided January 8, 1965.

*Sidney T. Schell, John L. Lee, Vester M. Ownby,* for plaintiffs in error.

*John Hollis Allen,* contra.