473 S.E.2d 760 (1996)
267 Ga. 66
CURRY
v.
CURRY.
No. S96A1209.
Supreme Court of Georgia.
July 15, 1996.
Reconsideration Denied September 6, 1996.
*761 J. Wayne Crowley, Bush, Crowley, Leverett & Leggett, Macon, for Enos Curry.
Walter J. Lane, Jr., Lane & Jarriel, Macon, for James Curry.
FLETCHER, Presiding Justice.
Cordelia Simmons signed a deed in 1988 conveying property to her grandson, appellant Enos Charles Curry. Her attorney completed the property description and delivered the deed to the grandson who recorded it. Simmons' son and guardian, appellee James Curry, filed a complaint in 1995 against his son Charles, seeking ejectment and a declaratory judgment. The issue on appeal is whether the grandson is entitled to reformation of the 1988 deed based on the mistaken description of the property. Because any error in the deed was a mutual mistake of both parties, we conclude that the grandson is entitled to reformation and reverse.
Simmons instructed her attorney to prepare a deed conveying the home place lot to her grandson. When she signed the deed, the space for the property description was blank. Simmons' attorney added a description of an adjoining lot that she had previously conveyed and delivered the deed to her grandson. Neither the grantor nor grantee read the deed at any time. The grandson recorded the deed and built a mechanic shop on the home place lot. After Simmons was declared incompetent and her son was appointed as her guardian, he filed a complaint on her behalf for ejectment and declaratory judgment against her grandson. The trial court granted the son a writ of possession to the home place lot, denied the grandson's counterclaim seeking reformation of the deed, and declared that Cordelia Simmons held title to the property. The grandson appeals.
1. Equity may intervene and reform a conveyance when the instrument fails to express accurately the intention of the parties.[1] "`A petition for reformation of a written contract will lie where by mistake of the scrivener and by oversight of the parties, the writing does not embody or fully express the real contract of the parties.'"[2] The cause of the defect is immaterial so long as the mistake is common to both parties to the transaction.[3] And the negligence of the complaining party will not defeat his right to reformation if the other party has not been prejudiced.[4] Based on these principles, we have affirmed the reformation of a deed that erroneously included in the description a lot that the owner had previously conveyed.[5]
The record shows that both Simmons and her grandson intended for the written instrument to convey the home place lot. The grantor told her attorney that she wanted to give her grandson the property "where the house sits" and the grandson thought he had received a deed to that property. Within a month of executing the deed, Simmons told her granddaughter that she had deeded her home and land behind it to her grandson. In 1989, the grantee consulted with his grandmother about the lot's boundary lines and cleared the land to construct his shop. When questioned, he told his father that he had received a signed deed from his grandmother. *762 Moreover, Simmons visited and ate lunch with the workers during the shop's construction. It was only after she was declared incompetent and her son filed this ejectment action that the grantee learned that the deed conveyed the wrong lot. There is no evidence that Simmons intended to convey the exact property described in the 1988 deed, as the trial court found, since she had previously conveyed the property.
Under these circumstances, we find that the error in the deed describing a lot that the grantor had already conveyed was a mistake common to both parties. Since the grandson acted promptly after learning about the mutual mistake and any delay in seeking relief applies equally to both parties, Simmons may not invoke the rule of laches.[6] We hold that the grandson is entitled to a reformation of the deed to correct its erroneous description.
2. Among the essential elements of a deed are a written instrument, description identifying the land, grantor's signature, and delivery to the grantee.[7] The 1988 deed met these requirements. Simmons executed a deed that contained all the necessary writings except the legal description. Simmons' attorney, acting under her authority, inserted the description after she signed the deed but before he delivered it to the grantee. Thus, unlike the cases in which a deed signed in blank was held void, neither the grantee nor his agent filled in the deed's legal description.[8] Because the grantor's agent delivered a deed that was complete and ready to record, we conclude as a matter of law that the 1988 deed was not void.
Judgment reversed.
All the Justices concur, except CARLEY and THOMPSON, JJ., who dissent.[*]
NOTES
[1] See OCGA §§ 23-2-25, 23-2-30.
[2] McLoon v. McLoon, 220 Ga. 18, 19, 136 S.E.2d 740 (1964) (quoting Williams v. Hudgens, 217 Ga. 706, 710, 124 S.E.2d 746 (1962)).
[3] Gauker v. Eubanks, 230 Ga. 893, 199 S.E.2d 771 (1973).
[4] Sheldon v. Hargrose, 213 Ga. 672, 675, 100 S.E.2d 898 (1957); McCollum v. Loveless, 187 Ga. 262, 267, 200 S.E. 115 (1938) (finding no prejudice in reforming deed "so as to make it speak the truth").
[5] See Sheldon, 213 Ga. at 677, 100 S.E.2d 898.
[6] See Parker v. Fisher, 207 Ga. 3, 6, 59 S.E.2d 715 (1950); Davis v. Newton, 217 Ga. 75, 78, 121 S.E.2d 153 (1961).
[7] 2 George A. Pindar and Georgine S. Pindar, Georgia Real Estate Law and Procedure § 19-15 (4th ed. 1993).
[8] See Boyd Lumber Co. v. Mills, 146 Ga. 794, 796, 92 S.E. 534 (1917) (grantor who delivers a deed containing no property description cannot give the grantee authority to fill in the description).
[*] Editor's Note: Justice Carley's dissent is published at 267 Ga. 66, 475 S.E.2d 574.